ALICE FRENCH *et al.* Appellants, *vs.* JENNIE E. CALKINS *et al.* Appellees.

*Opinion filed December 21, 1911.*

1. APPEALS AND ERRORS—*when a freehold is involved in a proceeding to contest a will.* Where a bill to contest a will attacks the clause of the will devising the real estate of the testatrix to the trustees a freehold is involved, and an appeal lies to the Supreme Court from a decree dismissing the bill, on demurrer, for want of equity.

2. WILLS—*when subject matter of gift to trustees for charity is not uncertain.* A gift to charity of any moneys or securities remaining in the hands of the trustees after carrying out the terms of the trust is not invalid upon the ground of uncertainty as to whether there will be anything remaining in the hands of the trustees, where it appears from the will itself that the trustees cannot convert the dwelling house into cash until the happening of the event which terminates the trust. (*Wilce* v. *VanAnden,* 248 Ill. 358, and *Mills* v. *Newberry,* 112 id. 123, distinguished.)

3. SAME—*when gift to hospital is a bequest of personal property.* Where a will authorizes and directs the trustees to convert the estate into personalty and dispose of the same as therein directed, the final bequest being to a hospital, the gift to the hospital is a bequest of personal property.

4. SAME—*life taken as part of measure of time in rule against perpetuities need not be that of a person having an interest.* The life of some person in being, with twenty-one years added, is taken as the measure of time for the application of the rule against perpetuities, but it is not necessary that the life so considered shall be that of a person having an interest in the estate.

5. SAME—*when bequest to hospital is not within rule against perpetuities.* Where the death of an annuitant in being at the death of the testatrix is the utmost limit of time for the vesting in possession of a bequest to a hospital the bequest is not within the rule against perpetuities, even though an annuity is not an estate in property.

6. SAME—*bequests to charity are not ordinarily subject to rule against perpetuities.* The rule against perpetuities is established and enforced upon grounds of public policy, but as the public is vitally interested in the maintenance of public charities there are equally persuasive reasons of public policy for sustaining gifts to charity, and they are therefore not within the rule against perpe-

tuities,—at least unless there is some preceding estate which is void under that rule.

7. SAME—*rule against perpetuities applies to personal property as well as to real estate.* The rule against perpetuities applies to personal property as well as real estate and to legal as well as equitable estates.

8. SAME—*it is no objection to charitable bequest that trustees have a discretion in selecting.* A bequest to trustees for some hospital offering care and treatment for tubercular patients or to such corporation or society conducting such a hospital as the trustees may select is a gift to charity in which the recipients of its benefits are definite and certain, and the fact that the trustees are authorized to select the proper hospital to administer the charity does not render the bequest void, as a court of equity would not permit the trustees to bestow the fund upon a private hospital for profit, but only upon one which will administer it as a public charity.

9. SAME—*when gift to charity will not be allowed to fail.* A gift to charity will not be allowed to fail for uncertainty as to the persons who are to take or because the manner specified for managing the gift cannot be carried into exact execution.

10. SAME—*a gift for the support of churches is for a charitable use.* A bequest to the rector, wardens and vestry of a certain church is a good charitable bequest, and an added statement that the money be used and applied, in such manner as the rector, wardens and vestry deem proper, as a memorial to the family of the testatrix does not invalidate the bequest, since the fact that the bequest is given with an intention to obtain some benefit or from a personal motive does not destroy its character as a charity.

11. SAME—*when precatory words following a bequest are sufficient to create a trust.* Precatory words following a bequest to the rector, wardens and vestry of a certain church, expressing a wish that it shall be used in the purchase of real estate for the erection of permanent improvements in connection with the church property, to remain as a permanent memorial of affection for the church body and the membership thereof, are sufficient to create a trust and require that the bequest be devoted to that use, which is of a charitable nature.

12. TRUSTS—*trust to defray expenses of sickness of beneficiary is proper.* A provision in a trust for the benefit of a certain beneficiary, authorizing the trustees, in case of an emergency arising by reason of the serious or protracted illness of the beneficiary, to pay out of the net income, in addition to the regular monthly payments to such beneficiary, all or any part of the expenses neces-

sarily incurred for medical, surgical or hospital care of the said beneficiary, is not invalid for uncertainty.

13. SAME—*act of 1907, against directions for accumulation in deeds or wills, construed.* The purpose of the act of 1907, (Laws of 1907, p. 1,) restraining trusts and directions for accumulation in deeds or wills, was not to defeat the intention of a testator as to who shall be entitled to the property under a will but only to prevent indefinite accumulations of wealth, as it merely limits the period of accumulation, and the produce beyond that limit goes to the same person who would have been entitled to it if the accumulation had not been directed.

14. SAME—*effect of act of 1907, restraining directions for accumulations.* Even though there may be an expressed direction for accumulation in a deed or will, the trust is not void, as a whole, under the act of 1907, (Laws of 1907, p. 1,) but is only void as to the excess, provided the trust would have been good before said act took effect.

15. SAME—*when question whether trust is within act of 1907 cannot be decided.* Where there is no direction in a will for accumulation of the trust fund, which can only accumulate in the event the income exceeds the expenses, the courts cannot, upon such possibility alone, decide whether the trust provision is within the act of 1907, (Laws of 1907, p. 1,) restraining trusts and directions for accumulation.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

McCASKILL & McCASKILL, (FRANK B. REYNOLDS, of counsel,) for appellants:

To constitute a valid trust by devise three things must concur: sufficient words to raise it, a definite subject of devise and a certain or ascertained object. *Mills* v. *Newberry,* 112 Ill. 123; Hill on Trustees, (4th Am. ed.) 110; *Dalrymple* v. *Leach,* 192 Ill. 51.

Where there is a devise to a first taker with limitation over to a charity, if it is uncertain what, if anything, the charity will take, there is no definite subject of devise and the trust is void. *Dalrymple* v. *Leach,* 192 Ill. 51; *Mills* v. *Newberry,* 112 id. 123; *Coulson* v. *Alpaugh,* 163 id. 298; *Henderson* v. *Blackburn,* 104 id. 227; *Chapman* v.

*Brown,* 6 Ves. 404; *Attorney General* v. *Hinxman,* 2 J. & W. 270; *Limbrey* v. *Gurr,* 6 Mad. 151; *Croup* v. *Playfoot,* 4 K. & J. 479; *Fowler* v. *Fowler,* 33 Beav. 616; *Attorney General* v. *Goulding,* 2 Bro. C. C. 428.

Where a will provides for the payment of annuities out of the income of a trust estate, and further provides that if the income is not sufficient the trustees shall pay the annuities out of the *corpus* of the estate, and there is a gift of whatever be remaining, after the payment of the annuities, to a charity, the charity will take nothing, as the subject matter of the gift to charity is uncertain. *Wilce* v. *VanAnden,* 248 Ill. 358; *Mills* v. *Newberry,* 112 id. 123; *Dalrymple* v. *Leach,* 192 id. 51.

A trust must have a definite and ascertained, or ascertainable, *cestui que trust* to sustain it unless the trust be for charity. Perry on Trusts, sec. 729, and cases cited; *Morice* v. *Bishop of Durham,* 9 Ves. Jr. 399.

A hospital, to be a public charity, must not be organized for private gain, and it must, in fact, be devoted entirely to the benefit of the public. If pecuniary profit to individuals be derived therefrom, though incidentally the public is benefited thereby, it loses its charitable character. *People* v. *Ravenswood Hospital,* 238 Ill. 137; *Sisters of St. Francis* v. *Board of Review,* 231 id. 317; *Board of Review* v. *Provident Hospital,* 233 id. 242; *University of Louisville* v. *Hammoch,* 127 Ky. 564; *Phillips* v. *Railroad Co.* 211 Mo. 419.

A charity is the same for purposes of taxation and for taking a bequest under a will. There is no different test applied in tax cases. *In re Estate of Graves,* 242 Ill. 23.

In order to sustain a gift as charitable it must certainly and definitely be devoted to charity by the terms of the will. If any discretion is vested in trustees whereby they may select an object which is not charitable, the gift will fail. *Crerar* v. *Williams,* 145 Ill. 625; *Attorney General* v. *Soule,* 28 Mich. 153; *Adye* v. *Smith,* 44 Conn. 60; *Pell*

v. *Mercer*, 14 R. I. 412; *Nichols* v. *Allen*, 130 Mass. 211;
*In re Hinckley's Estate*, 58 Cal. 457; *Morice* v. *Bishop of
Durham*, 9 Ves. Jr. 399; 10 id. 522.

A private gift, although charitable in character, does
not fall within the contemplation of the statute of chari-
table uses. *Ommanney* v. *Butcher*, T. & R. 261; *Nash* v.
*Morley*, 5 Beav. 177; *Old South Society* v. *Crocker*, 119
Mass. 1; *Kelly* v. *Nichols*, 18 R. I. 62; *Kent* v. *Dunham*,
142 Mass. 216; *Carne* v. *Long*, 2 DeGex, F. & J. 75.

A direction to accumulate property or a fund for a
period longer than twenty-one years is void. Hurd's Stat.
1908, p. 516; *In re Edward*, 190 Pa. St. 177; *Schwartz's
Appeal*, 119 id. 337; *Grimm's Appeal*, 109 id. 391; *Mc-
Kee's Appeal*, 196 id. 277; 30 Cyc. 1521.

A trust to accumulate which may possibly exceed a life
in being and twenty-one years beyond, and in case no life
estate is taken, then twenty-one years at all events, is void.
22 Am. & Eng. Ency. of Law, 734; 30 Cyc. 1498; *Kim-
ball* v. *Crocker*, 53 Me. 263.

Where no life estate is given in property or a fund, the
period of suspending the gift of the property or fund can
not, under the rule against perpetuities, exceed twenty-one
years. *Johnson* v. *Preston*, 226 Ill. 447; Tiffany on Real
Prop. sec. 154; Marsden on Perpetuities, 34; *Palmer* v.
*Holford*, 4 Russ. Ch. 403; *Crooke* v. *DeVandec*, 9 Ves.
197; *Speakman* v. *Speakman*, 8 Hare, 180; *Kimball* v.
*Crocker*, 53 Me. 263; *Andrews* v. *Lincoln*, 95 id. 541;
1 Jarman on Wills, (6th Am. ed.) 216; *Andrews* v. *An-
drews*, 110 Ill. 223.

An annuity is not a life estate, hence the life of an an-
nuitant is not considered in calculating the period of sus-
pension. *DeHaven* v. *Sherman*, 131 Ill. 115; 22 Am. &
Eng. Ency. of Law, 717, and cases cited.

A gift to trustees does not vest the estate in the trus-
tees so as to prevent the operation of the rule against per-
petuities. The beneficial gift to the *cestui que trust* must

vest within the period. The courts will not permit a perpetuity to be hidden behind a trust. *Bigelow* v. *Cady,* 171 Ill. 229; *Howe* v. *Hodge,* 152 id. 252.

To be charitable a gift must be free from any taint or suspicion of anything personal, private or selfish. The gift to the Coldwater church is a trust for a private purpose, viz., to perpetuate the family name of testatrix. *Vidal* v. *Girard,* 43 U. S. 123; *Price* v. *Maxwell,* 28 Pa. St. 23.

JESSE HOLDOM, UNDERWOOD & MANIERRE, and C. P. GARDNER, (THORNTON M. PRATT, of counsel,) for appellees:

The statute of 43 Elizabeth, (chap. 4,) commonly known as the Statute of Charitable Uses, is in force in this State. *Hoeffer* v. *Clogan,* 171 Ill. 462; *Heuser* v. *Harris,* 42 id. 425; *Andrews* v. *Andrews,* 110 id. 223; *Hunt* v. *Fowler,* 121 id. 269.

A gift in trust for a charity which is to take effect upon a contingency that may not happen within the perpetuity period is valid if there is no gift of the property in the meantime for the benefit of a private person. *Crerar* v. *Williams,* 145 Ill. 625.

Where a gift is made to charity a court of equity will regard the public as the object of the testator's bounty. The gift may therefore vest at once although the enjoyment of the benefit of the gift may be postponed. The vesting of the gift in right is sufficient to satisfy the rule against perpetuities. *Crerar* v. *Williams,* 145 Ill. 625.

The test of the vesting of a future interest is whether the estate created may turn into a permanent estate of possession immediately upon the termination of the preceding estate. *Lunt* v. *Lunt,* 108 Ill. 307.

If the general character of the institution for which a bequest is made is charitable, the gift will be sustained. *Kemmerer* v. *Kemmerer,* 233 Ill. 327; *Germain* v. *Baltes,*

113 id. 29; *Burbank* v. *Burbank*, 152 Mass. 254; *In re Trim's Estate*, 168 Pa. St. 395.

The discretion given the trustees to select a particular recipient of a charitable bequest does not vitiate it. *Estate of Dulles*, 218 Pa. 162.

As to what constitutes sufficient certainty of the subject matter of a trust for charity, see *Dye* v. *Beaver Creek Church*, 48 S. C. 444, and *Kemmerer* v. *Kemmerer*, 233 Ill. 327.

A clause in the will directing the executors and trustees to set apart a fund to raise an income out of which to pay expenses of the trust does not give the executors and trustees the power to fix the amount of that fund arbitrarily and does not render the subject matter of the bequest so indefinite as to be void. *Crerar* v. *Williams*, 145 Ill. 625.

The possible insufficiency of the funds bequeathed for the purposes intended does not defeat the bequest. *Kemmerer* v. *Kemmerer*, 233 Ill. 327.

A trustee may make temporary accumulations as a provision against future payments without violating the statute. *In re Spring*, 216 Pa. St. 529.

If a provision for accumulation is objectionable only because it is to continue for a period longer than that allowed by the statute, the provision is void only as to the excess. *In re Rogers' Estate*, 179 Pa. St. 602.

Without regard to the statute, a present gift in trust for charity, with directions to accumulate, is valid and operative, even though the period may exceed lives in being and twenty-one years thereafter. *Ingraham* v. *Ingraham*, 169 Ill. 432.

Where two modes of construction are possible, by one of which a legacy to charity would be made an illegal perpetuity and by the other of which such legacy would be valid, the latter mode of construction will be adopted. *Ingraham* v. *Ingraham*, 169 Ill. 432.

A bequest in trust for the erection and maintenance of a hospital "for the treatment of the sick and diseased" was held to be a charitable bequest. *Ingraham* v. *Ingraham*, 169 Ill. 432.

A bequest to a religious institution is *prima facie* a bequest for a charitable purpose. *Alden* v. *St. Peter's Parish*, 158 Ill. 631; *Fairbanks* v. *Lamson*, 99 Mass. 533.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellants, Alice French and H. C. Rogers, alleging that they were collateral relatives and heirs-at-law of Harriet M. Lanphere, deceased, filed their bill in the circuit court of Cook county, for themselves as well as all other heirs-at-law of the said Harriet M. Lanphere, against the appellees, Frank H. T. Potter and Charles E. Field, trustees under the will of the said Harriet M. Lanphere, deceased, Jennie E. Calkins, the rector, wardens and vestry of St. Mark's Episcopal Church of Coldwater, Michigan, legatees under said will, and the Attorney General, asking the court to construe the seventh, eighth, tenth and eleventh clauses of said will, and to declare the seventh and eighth to be without effect and to order the bequests under the said clauses to be distributed among said heirs-at-law. The court overruled demurrers of the appellees to the amended bill so far as the bill questioned the validity of the seventh item of the eighth clause, which directed the trustees to set apart $500 to be applied for the permanent care and preservation of the cemetery lot in which the testatrix directed her remains to be buried, and held that item void, but sustained the demurrers as to the remainder of the bill. The complainants elected to stand by the amended bill, and it was thereupon dismissed for want of equity, and they prosecuted an appeal to this court.

The will makes the following disposition of the real and personal property of the testatrix: (1) Directs pay-

ment of debts and funeral expenses; (2) directs the disposition of the remains of the testatrix; (3) gives to Jennie E. Calkins one share of the capital stock of a corporation, $200 in money, the clothing and writing desk of the testatrix, and the use of the dwelling house and furniture for life or until she marries; (4) gives specific legacies of chattels; (5) bequeaths to Mrs. Flora Richardson $1000 and to Charles E. Lanphere $200; (6) provides that lapsed legacies shall become a part of the general estate; (7) bequeaths to the rector, wardens and vestry of St. Mark's Episcopal Church of Coldwater, Michigan, $5000; (8) gives and devises to the trustees all the rest and residue of the estate in trust for the following uses and purposes: (a) To convert the estate into personalty and sell and convey the real estate and convert the same into cash; (b) to collect moneys due and invest and re-invest the same in first mortgages or approved bonds or other securities; (c) to pay from the gross income the expenses of the trust, keep in repair and insured the dwelling house, pay the taxes and assessments thereon so long as the same may be occupied by Jennie E. Calkins and retain a reasonable amount for their services; (d) to pay Jennie E. Calkins from the income remaining $40 per month during her natural life or so long as she may remain unmarried; (e) in case of any emergency arising by reason of serious or protracted illness of said Jennie E. Calkins, to pay out of the net income, in addition to the monthly payment, all or any part of the expenses necessarily contracted for medical, surgical or hospital care of the said Jennie E. Calkins; (f) if the net income shall not be sufficient to pay the monthly income of $40 then to use so much of the principal as may be necessary to pay the same in full; (g) to set apart $500 for the permanent care and preservation of the cemetery lot, which provision was held void; (h) after the payment of all the bequests and compliance with the other

conditions of the will, to pay over the moneys or securities remaining in their hands to some hospital offering care and treatment for tubercular patients, or to such corporation or society conducting such a hospital as the trustees may select; (9) appoints Potter and Field as executors and trustees; (10) directs the executors to pay $40 per month to Jennie E. Calkins until the residue of the estate shall be received by the trustees; (11) authorizes the executors to sell and dispose of any part of the estate, real or personal.

Harriet M. Lanphere at the time of her death was the owner of the dwelling house and furniture mentioned in the third clause of the will and other real estate and personal property. The provisions of the first six clauses of the will and the bequests therein contained, as well as the devise to Jennie E. Calkins of the use of the dwelling house and furniture for life unless she should sooner marry, were not questioned by the bill, and neither was the appointment of the executors by the ninth clause, nor the direction to the executors in the tenth clause to pay $40 per month to Jennie E. Calkins until the residue of the estate should be received by the trustees, nor the authority conferred by the eleventh clause upon the executors to sell or dispose of any part of the estate, real or personal. The seventh and eighth clauses are attacked by the bill, and the devise to the trustees of the real estate contained in the eighth clause involves a freehold. Therefore the appeal was properly taken to this court.

The appellants were successful so far as the direction that the trustees set apart $500 for the care of the burial lot was concerned, and succeeded in thwarting the intention of the testatrix that her grave should be cared for. The court by the decree set aside and annulled that provision of the will, and the questions to be considered relate to the other provisions of the seventh and eighth clauses. By the will the trustees are authorized and directed to convert the

estate into personalty and dispose of the same as therein provided. The gift to the hospital is therefore a bequest of personal property. (*Glover* v. *Condell,* 163 Ill. 566; *English* v. *Cooper,* 183 id. 203.) Counsel for appellants contend that this bequest of the remaining moneys and securities to the hospital is void, and being void and a part of the trust scheme, without which the devise to the trustees would not have been made, the whole scheme fails and the property passes to the heirs-at-law. Therefore, beginning their argument with that final bequest, they insist that it is void because the subject matter of the gift is uncertain and the beneficiary indefinite, and because the provision violates the statute against accumulations and is obnoxious to the rule against perpetuities.

It is first argued that the subject matter of the gift is uncertain because there may be nothing remaining after paying legacies, taxes, insurance and the annuity to Jennie E. Calkins. The bill describes three pieces of real estate owned by the testatrix and alleges that she left a sum of money and personal property, so that the estate had a net value of $37,283.61. There is no authority in the trustees, as there was in *Wilce* v. *VanAnden,* 248 Ill. 358, to give what remains after the death of Jennie E. Calkins to any other object than the charity, nor any authority in a life tenant to destroy the subject of the bequest, as there was in *Mills* v. *Newberry,* 112 Ill. 123. Other cases cited by counsel for appellants to sustain their argument are similar in principle, while in this case the bill shows no reason for saying that the annuity to Jennie E. Calkins may exhaust the estate. Aside from that fact, it is not uncertain whether there will be anything left at the death of the annuitant. The trustees are directed to pay the taxes and assessments on the homestead property and to keep it in repair so long as it is occupied by Jennie E. Calkins, and as that property cannot be disposed of until her death or marriage, it is cer-

tain to remain to be converted into cash and devoted to charity.

After discussing various other questions counsel return to the bequest for the hospital, and take the ground that it is void because the will directs an accumulation for a period prohibited by the statute restraining trusts and directions for accumulation in deeds and wills. (Laws of 1907, p. 1.) That act confines within certain limits any disposition of property so that the produce shall be accumulated, and provides that in every case where any accumulation shall be directed otherwise than is provided in the act, such direction shall be null and void, and the produce of such property so directed to be accumulated shall, so long as the same shall be directed to be accumulated contrary to the provisions of the act, go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed. There is no direction in this will for an accumulation, and the testatrix did not intend any accumulation for the purpose of increasing the estate. If there should be any accumulation it will be because the income exceeds the annuity and expenses, which is uncertain, and there is no ground upon which the court could now decide any question concerning the possible accumulation. If there should be an accumulation during the lifetime of Jennie E. Calkins for a longer term than twenty-one years, it can then be determined whether it is subject to the provisions of the statute. (*Young* v. *St. Mark's Church,* 200 Pa. St. 332.) It is not the purpose of the statute to defeat the intention of a testator as to who should be entitled to property under a will, but only to prevent indefinite accumulations of wealth. It only limits the period of accumulation, and the produce beyond that limit goes to the same person that would have been entitled to it if the accumulation had not been directed. The statute is a copy of the Thelluson act, (39 and 40 George III, chap. 98,) and under the English decisions a trust for ac-

cumulation exceeding the limits of the statute is void only
as to the excess, provided the trust would have been good
before the act. (*Griffiths* v. *Vere,* 9 Ves. Jr. 127; *Long-
don* v. *Simson,* 12 id. 295; *Elborne* v. *Goode,* 14 Sim. 164;
*Mathews* v. *Keble,* 2 L. R. Ch. App. (vol. 3,) 691; *Frost*
v. *Greatorex,* 2 L. R. Ch. Div. [1900] 541.) This con-
struction conforms to the language of the act, which pro-
vides that the produce, so long as it is directed to be accu-
mulated contrary to the provisions of the act, shall go to
and be received by the person or persons who would have
been entitled to it in the absence of any direction for ac-
cumulation. Accordingly, even if there had been an ex-
pressed direction for accumulation, the trust would not be
void as a whole.

Aside from the statute, it is claimed that the bequest to
the hospital is in violation of the rule against perpetuities
because there is no first taker and the gift to the hospital
may not vest within twenty-one years from the death of
the testatrix. That rule applies to personal property as well
as real estate and to equitable as well as legal estates, and
under the rule no interest subject to a condition precedent
is good unless the condition must be fulfilled, if at all,
within twenty-one years after some life in being at the cre-
ation of the interest. This will provides for an annuity to
Jennie E. Calkins, but an annuity is not an estate in prop-
erty; (*DeHaven* v. *Sherman,* 131 Ill. 115;) and that is
the ground for insisting that the right or interest of the
hospital must vest within twenty-one years from the death
of the testatrix. The life of some person in being, with
twenty-one years added, is taken as a measure of time for
the application of the rule, but it is not necessary that the
life taken as a part of such measure should be that of one
having an interest in the estate. (Gray on Perpetuities,
sec. 260; *Madison* v. *Larmon,* 170 Ill. 65.) In *Johnson* v.
*Preston,* 226 Ill. 447, there was neither a precedent life es-
tate nor was the life of anyone in being taken as a measure

of the time when the estate would vest, while here the life of Jennie E. Calkins was the utmost limit for the vesting in possession of the bequest to the hospital. Furthermore, this is a bequest to charity within the 43 Elizabeth, being a gift for the benefit of an indefinite number of persons for the purpose of relieving their bodies from disease; and bequests for charity are not subject to the rule against perpetuities,—at least unless there is some preceding estate which is void under that rule. (*Heuser* v. *Harris,* 42 Ill. 425; *Andrews* v. *Andrews,* 110 id. 223; *Crerar* v. *Williams,* 145 id. 625.) The rule against perpetuities was established and is enforced on grounds of public policy and on account of the public good; but the public is vitally interested in the maintenance of public charities, and for equally persuasive reasons of public policy they are to be sustained by the courts. The bequest to the hospital is not rendered void by the rule against perpetuities.

It is also contended that the bequest is void because there is no certain, ascertained or ascertainable beneficiary to take under the trust capable of asserting a right to the bequest, and because the trustees are authorized to select a hospital which is not purely charitable in its objects. The gift being to charity and the recipients of its benefits being definite and certain, it is no objection that the trustees are authorized to select a proper hospital to administer the charity. The direction of the will is that the trustees shall pay over the money or securities to some hospital offering care and treatment for tubercular patients or such a corporation or society conducting such a hospital as the trustees may select, and in making such selection the trustees are to consult with and be largely guided by the Homeopathic Medical Board of the city of Chicago as to the institution most deserving of the bequest. A valid bequest to charity may be made to a corporation not in existence, for the founding of a new college, hospital, library or other charitable institution; and it is not necessary even that the

contemplated corporation should be created, but a court of equity will uphold, protect and enforce the gift for the charitable use. (*Crerar* v. *Williams, supra.*) The gift to charity will not be allowed to fail for uncertainty as to the persons who are to take or because the manner specified for managing the gift cannot be carried into exact execution. (*Grand Prairie Seminary* v. *Morgan,* 171 Ill. 444, and *Tincher* v. *Arnold,* 147 Fed. Rep. 665, where the same will was under consideration.) The hospital selected must be one offering care and treatment for tubercular patients, and it is inconceivable that the testatrix intended to make a bequest for the purpose of increasing the dividends of a private hospital conducted for profit. She did not intend, and a court of equity would not permit, the diversion of the funds to such purpose. The name ordinarily implies a public institution, and the word "offering," with no condition annexed and connected with a hospital, naturally implies giving, bestowing or providing free treatment to those suffering from a disease. The trustees are authorized, in their discretion, to select a hospital of that character to administer the fund as a public charity, and the direction to take advice as to the hospital most worthy clearly implies one including charitable objects. There are trustees to take the legal title and the subject and object of the charity are definitely and clearly ascertained.

No objection is pointed out in argument to the provision for paying Jennie E. Calkins $40 per month during her life or so long as she may remain unmarried, but the claim with respect to that provision is, that it must fail as a part of the general scheme. Even if the bequest to charity were invalid it would not affect that provision, since there is no connection whatever between the two. Objection is made to the provision for payments in case of emergency arising from serious or protracted illness, on the ground that it is void for uncertainty. The provision is, that in case of any emergency of that kind, if in the judg-

ment of the trustees it shall be necessary in order to afford proper care and treatment, they are authorized to pay out of the net income, in addition to the monthly payment, all or any part of the expenses necessarily contracted for medical, surgical or hospital care. The intention expressed by the testatrix was to afford proper care and treatment to Jennie E. Calkins, and in case of emergency to require the trustees to pay such part of the expense necessarily incurred as could not be paid with the monthly payment. A similar trust to defray the expenses or support of certain persons was upheld in *Ingraham v. Ingraham,* 169 Ill. 432, and the provision is not invalid.

The last proposition in the argument for appellants is that the gift to the Coldwater church is void because the trust is too indefinite. A gift for the support of churches is for a charitable use, (*Alden v. St. Peter's Parish,* 158 Ill. 631,) and the bequest to the rector, wardens and vestry of St. Mark's Episcopal Church is a good charitable bequest. The added statement that the money is to be used and applied, in such manner as the rector, wardens and vestry deem proper, as a memorial to the family of the testatrix does not invalidate the bequest, since the fact that the bequest is given with an intention of obtaining some benefit or from some personal motive does not rob it of its character as a charity. (*Hoeffer v. Clogan,* 171 Ill. 462; *Duror v. Motteux,* 1 Ves. Sr. 320.) The precatory words following the bequest, expressing a wish that it should be used in the purchase of real estate for the erection of permanent improvements in connection with the church property, to remain as a permanent memorial of affection for the church body and the membership thereof, were sufficient to create a trust and require that the bequest be devoted to that use, which was unquestionably of a charitable nature.

The decree is affirmed.

*Decree affirmed.*