## Henry Kern et al., Appellants, v. Pekin Public Hospital et al., Appellees.

CHARITIES, § 10*—*when bequest to unorganized corporation valid.* A valid bequest to charity for the founding of a hospital, may be made to a corporation not in existence at the time of the execution of the will or the death of the testator.

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

JESSE BLACK, JR., for appellants.

GEORGE C. RIDER and PRETTYMAN, VELDE & PRETTYMAN, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from the decree of the Circuit Court sustaining a demurrer to a bill to construe the will of George Vetter, deceased, and dismissing the same for want of equity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The testator, George Vetter, died May 14, 1913. The following clauses of his will are the only ones requiring consideration:

"8th: I give, devise and bequeath to Henry Kern, Frederick Kern, Louis Kern, William Kern, and Emma K. McLin, children of my deceased sister Catherine Kern, the sum of one hundred ($100.00) dollars each."

"15th: I give, devise and bequeath to the trustees of a public hospital in Pekin, Illinois, which is to be erected and maintained in Pekin, Illinois, the sum of four thousand ($4,000.00) dollars, conditioned that if there is no hospital erected and maintained within the City of Pekin within two years after my death, that this legacy is to be null and void, and in that case, my executor is hereby directed to pay said sum of four thousand ($4,000.00) dollars to the heirs of my deceased sister, Catherine Kern.

"16th: All the rest and residue of my personal estate of which I die seized and possessed or to which I shall be entitled at my decease, I give, devise and bequeath to be equally divided between Eliza M. Vetter, my wife, the Evangelical Synod of North America of St. Louis, Missouri, and the trustees of a public hospital to be erected in Pekin, Illinois, that is, after paying all of the above legacies out of my personal estate, I direct that my executor divide the unapportioned part into three equal portions or parts and pay one part to my widow, Eliza M. Vetter, and one part to the Evangelical Synod of North America of St. Louis, Missouri, and the third and last part to the trustees of a hospital to be erected in Pekin, Illinois. This bequest is made with the provision that if said hospital as is mentioned in clause 15th is not erected or in process of erection within two years after my death, that this legacy shall be null and void and then in that event the one-third part hereby devised to said trustees of said hospital is to be paid to my beloved wife, Eliza M. Vetter."

The complainants in the bill are the children of the deceased sister, Catherine Kern, and it is conceded by

them that they have no interest whatever in the 16th clause of the will.

The bill avers that the 15th clause of said will is void because at the time of the execution thereof and at the time of the death of the testator there was no public hospital in Pekin. The bill further avers that after the death of the testator certain citizens of Pekin caused to be incorporated under the laws of this State the Pekin Public Hospital, the charter of which said corporation was issued June 25, 1913, and that the trustees of said hospital are making some demands upon the executor by virtue of the 15th and 16th clauses of said will. The prayer of the bill is that the court decree that said hospital take nothing by virtue of the 15th and 16th clauses and that the sum of $4,000 mentioned in the 15th clause be decreed to be paid to complainants as the heirs of Catherine Kern. The whole contention of appellants is that said 15th clause is void for uncertainty. This is a charitable bequest and comes within the statute of 43 Elizabeth (J. & A. ¶ 11565) which is in force in this State. It has been held repeatedly that a valid bequest to charity may be made to a corporation not in existence at the time of the execution of the will or the death of the testator, for the founding of a new college, hospital, library or other charitable institution; and it is not necessary even that the contemplated corporation should be thereafter created, but a court of equity will uphold, protect and enforce the gift for the charitable use. *French v. Calkins*, 252 Ill. 243, and cases cited. The above rule has obtained in this State through a long, unbroken line of decisions and is too well established to require further discussion. The bill avers that a corporation had been formed within the two years for the purpose of erecting a public hospital in Pekin and therefore the bill itself alleges facts which make it clear complainants have no interest in the 15th clause. The procedure of attempting to

defeat a bill for the construction of a will by demurring thereto on the ground that the construction sought by the complainants is not the correct one, is of doubtful propriety. We doubt whether complainants did not have a right to have appellees file an answer and upon a hearing have a decree entered giving a construction to this clause of the will defining the rights of the parties thereunder, even though such construction might be adverse to that sought by them. It would certainly be of interest to the defendants, including the executors and the trustees of the hospital, to have such a decree entered. However, as none of the parties have made any objection to the procedure adopted, the decree will be affirmed.

*Affirmed.*