Albert Freeman, Plaintiff, *v.* James B. Hanna and Cornelius S. Sweetland, as Trustees under a Declaration of Trust Made with Albert Freeman, Dated October 25, 1911, and Hawthorne Silver and Iron Mines, Limited (Inc.), Defendants.

First Department, June 8, 1917.

**Trust — deed transferring s'tock to trustees for benefit of corporation — trust period not measured by lives — unlawful suspension of power of alienation — grantor entitled to decree declaring deed void and requiring trustees to account for dividends, etc.**

A deed whereby the owner of stock of a mining corporation conveyed the same in trust to be held by the trustees for the benefit of the stockholders of the corporation, to be disposed of from time to time by a vote of the directors, the dividends thereof to be paid into the treasury of the corporation, unless the same should become insolvent or bankrupt, with power in the trustees to vote upon said stock in their absolute discretion, the dividends, however, in case of the insolvency of the corporation, to be applied as the trustees in their discretion might deem to be for the best interests of the stockholders, with a right in the trustees to sell the stock in their discretion and to apply the proceeds as aforesaid, creates a trust which imposes active duties upon the trustees, and they were not a mere channel of conveyance to vest an absolute property in the beneficiary.

Hence, where the duration of said trust is not measured by lives there is an unlawful suspension of the power of alienation beyond the period allowed

by the statute, and the grantor is entitled to a decree declaring the deed null and void and requiring the trustees to deliver the stock to him together with dividends which have been received by them.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Wilson B. Brice,* for the plaintiff.

*George B. Francis,* for the defendant trustees.

*Ernest W. Marlow,* for the defendant Hawthorne Silver and Iron Mines, Limited (Inc.).

PAGE, J.:

The action is brought by the plaintiff, Albert Freeman, the grantor of a certain trust, against the defendants, James B. Hanna and Cornelius S. Sweetland, the trustees, and Hawthorne Silver and Iron Mines, Limited (Inc.), the beneficiary of the said trust, to obtain from this court a construction thereof and directions as to the disposition of the moneys conveyed in trust. The defendant Hawthorne Silver and Iron Mines, Limited (Inc.), is a corporation of the State of Delaware, of which the plaintiff, Albert Freeman, was a director and stockholder on and prior to October 25, 1911. The said Albert Freeman was also the owner of upwards of 30,000 shares of the capital stock of the McIntyre Porcupine Mines, Limited, of the par value of five dollars each. Shortly prior to October 25, 1911, Albert Freeman learned that the United States grand jury for the Southern District of New York was investigating the activities of himself and his associates with respect to the sale of the stock of the Hawthorne Silver and Iron Mines, Limited (Inc.), charges having been made that they had violated the United States statutes concerning the use of the mails to promote fraud. Pending these investigations Albert Freeman granted the said 30,000 shares of the capital stock of McIntyre Porcupine Mines, Limited, to the defendants James B. Hanna and Cornelius S. Sweetland, as trustees, and a written declaration of trust signed by the said trustees and approved by Albert Freeman was made in the following language:

" Said shares of stock are held by us as trustees for the benefit of the stockholders of said Hawthorne Co. and sub-

ject to such specific directions as to the disposition of the same as may be given from time to time by vote of the board of directors of said company, of which we are duly notified in writing, subject, however, to the limitations and conditions hereinafter set forth; all dividends received by us as trustees upon said shares, shall be paid over by us, immediately upon receipt of the same, and without deduction of any fees, to the treasury of said Hawthorne Company unless said company is then in the hands of a receiver or proceedings in bankruptcy or insolvency have been instituted and are pending against it. Said shares of stock of said McIntyre Company are to be transferred into our names as trustees hereunder, and we are to have full power to vote upon the same in our absolute discretion at any meeting of the stockholders of said company. The above named shares of said McIntyre Company shall not be subject to attachment in any way, or to be reached in any law suit or proceeding at law or in equity which may be brought in any jurisdiction against said Hawthorne Company, and in case of the insolvency or bankruptcy of said company at any time, or in case a receiver is appointed for said company, said company shall thereupon forfeit any and all interest, either in law or in equity, which it may have in said shares under this declaration of trust, and the trustees shall thereafter apply any dividend upon the same in such manner as they in their absolute discretion and without accountability to any one, may deem to be for the interests, directly or indirectly, of the stockholders of said Hawthorne Company, and the trustees hereunder shall thereafter continue to hold said shares of stock with the right to sell and dispose of the same at any time in their discretion at public or private sale, in such manner as they may deem best, and to apply the proceeds of such sale or sales in the same manner as above specified in the case of dividends upon said shares."

Prior to the 25th day of February, 1917, the McIntyre Porcupine Mines, Limited, declared a dividend of five per cent upon its capital stock, and the amount of dividend on the aforesaid stock which the trustees have received and are now holding is $7,500.

Albert Freeman, the plaintiff, prior to the commencement of this action has elected to treat the said transfer of stock

of the McIntyre Porcupine Mines, Limited, to the said trustees as void, and has notified the said trustees of such election and demanded a return of said stock and all dividends received thereunder. The Hawthorne Silver and Iron Mines, Limited (Inc.), is not insolvent nor in the hands of a receiver, nor have proceedings in bankruptcy or insolvency been instituted against it. The plaintiff demands that the transfer be declared void. The defendant trustees merely ask that the rights of the several parties to the stock and dividends be determined, and that they be instructed as to their duties as trustees, and the defendant Hawthorne Silver and Iron Mines, Limited (Inc.), demands that the declaration of trust be construed as an absolute conveyance or deed of gift of the said stock to the Hawthorne Silver and Iron Mines, Limited (Inc.), or in the alternative, that the trust be declared valid and the Hawthorne Silver and Iron Mines, Limited (Inc.), be declared to be the beneficiary thereof.

The plaintiff's claim is that the trust imposed active duties upon the trustees and the period of its duration was not measured by lives, for which reason it claims that the trust is void because it suspends the power of alienation beyond the period provided for in the statute. (See Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 11.) The defendant Hawthorne Silver and Iron Mines, Limited (Inc.), claims that no active duties were imposed upon the trustees, and that, therefore, the trust was merely a channel of conveyance vesting an absolute property in the beneficiary. The question which will decide both of these claims is whether the trustees have active duties to perform under their declaration of trust. In our opinion they have. The declaration of trust contemplates that all dividends shall be received by the trustees and paid over to the Hawthorne Company, and that the trustees shall hold the legal title to the stock and vote upon the same in their discretion at any meeting of the stockholders of the company. Furthermore, the trustees were to hold the property, and in the event of the insolvency or bankruptcy of the company at any time, or in case a receiver is appointed, are to have a further discretion to use the property in any way which may seem fit to them, either directly or indirectly for the interests of the stockholders of the Hawthorne Com-

pany. The defendant, recognizing that these duties rendered the trust an active one, attempted to avoid the effect of the statute by construing the following words: " and the Trustees hereunder shall thereafter continue to hold said shares of stock with the right to sell and dispose of the same at any time in their discretion," to mean that the trustees at all times had the right and power to sell and dispose of the same, for, they say, how could the trustees continue to hold the said shares of stock with a right to sell and dispose of the same, unless they had had that right from the beginning. The difficulty with this proposition, however, is that the word " continue " logically relates only to the holding of the shares by the trustees and not to the right to sell which came into being only after the insolvency of the company.

I am of the opinion that the trust is an active one, and not being measured by lives contravenes the statute against the suspension of the power of alienation for more than two lives in being. It is accordingly void, and the plaintiff is entitled to judgment directing the trustees to deliver to him the property and account for all dividends received. Judgment should be granted accordingly, with costs to plaintiff.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Judgment ordered for plaintiff, with costs. Order to be settled on notice.