GEORGE ALBERT WALKER *et al.* Plaintiffs in Error, *vs.* THE CENTRAL TRUST AND SAVINGS BANK OF GENESEO *et al.* Defendants in Error.

*Opinion filed October 28, 1925.*

1. CHARITIES—*gift will be construed valid, if possible.* Courts of equity favor gifts to charity, and in construing such gifts, if there are two possible methods of construction, one of which will render the gift valid and the other invalid, courts will adopt the construction which will sustain the gift.

2. WILLS—*when devise of farm to charity does not violate rule against perpetuities.* It is essential in every case that when only the net income from property is given to a charitable use the property shall be so managed as to produce a net income, but where a farm devised to trustees for the benefit of a charitable institution is admitted to be of great rental value and the trustees are directed to so manage the property that it will produce a net income to be applied to the charity, the gift is a valid and immediate gift to charity, is not subject to conditions precedent and is not within the rule against perpetuities, as equity has ample power to require the farm to be prudently managed, if necessary.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. CHARLES J. SEARLE, Judge, presiding.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for plaintiffs in error.

BARTLETT S. GRAY, and HARRY E. BROWN, (ARTHUR G. HIGGS, of counsel,) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

William Walker died testate in Henry county, Illinois, February 9, 1913. He had never been married and his heirs were collateral kin. The will was made in September, 1910, and the first four paragraphs directed the payment of his debts, the erection of a monument by his executor and the

payment to certain of his kin of bequests aggregating $1600. By the fifth paragraph he devised to the Central Trust and Savings Bank of Geneseo, Henry county, as trustee, a farm of 240 acres, with directions to pay the net annual income from it to the J. C. Hammond Hospital, in Geneseo, for the purposes designated in the will. By the sixth paragraph he directed that all the residue of his estate be sold by his executor, and after paying the debts, legacies, cost of monument and expenses of administration, the balance remaining should be paid by the executor to the Central Trust and Savings Bank as a trust fund, to be by it, as trustee, managed and controlled and the net annual income paid to the trustees of the J. C. Hammond Hospital for the uses and purposes set forth in the will. The seventh paragraph designated the uses and purposes to be: "First, to pay the hospital, medical and nursing expenses of any and all citizens of the townships of Munson and Geneseo, Henry county, Illinois, who, in the judgment of my trustees, may be worthy, poor and in need of treatment in a hospital, while confined in said hospital, and the balance, if any remains in each year, shall be used in the general maintenance of the said hospital by the trustees thereof."

A suit to contest testator's will was decided by this court in 1916 and the will sustained. (*Walker* v. *Struthers,* 273 Ill. 387.) Subsequently an heir who had not been made a party and had no notice of the proceeding to probate the will, within a year after becoming of age filed a petition in the probate court to set aside the order admitting the will to probate. From an order of the probate court denying the petition the petitioner appealed to this court. This court sustained the probate court as to all the heirs who had been notified of the application to probate the will and reversed the judgment as to the one heir who had not been notified of the probate proceedings and remanded the case for further proceedings not inconsistent with the views expressed in the opinion. (*Walker* v. *Cook,* 294 Ill. 294.) In

May, 1921, the original bill in this case was filed by plaintiffs in error, as heirs and devisees of heirs of Walker, to construe the will and partition the land described in the fifth paragraph of the will. The amended bill alleged the testator was possessed of sufficient personal property to enable his executor to pay all debts, legacies and expenses of administration; that the farm of the testator was highly improved, of great rental value, and was taken possession of by the executor and trustee named in the will. The bill set out the will *in hæc verba,* and alleged the devise of the farm to the trustee is void and of no effect in law. The defendants demurred to the bill. The court sustained the demurrer and dismissed the bill for want of equity. From that decree complainants have prosecuted this writ of error.

The decision of the case depends upon the validity of the fifth paragraph of the will, which reads as follows:

*"Fifth*—I give and devise my farm, situated in the township of Munson, Henry county, Illinois, and particularly described as follows: The southwest quarter of section nine and the south one-half of the northeast quarter of section nine, all in township sixteen north, range three, east of the fourth principal meridian, to the Central Trust and Savings Bank, of Geneseo, Illinois, in trust for the following purposes: To farm, lease, manage and control and collect and receive the rents and profits of the same, and to keep the said farm in good repair and properly improve the same for the purpose of getting the best possible income therefrom, as my said trustee shall deem best, and out of said annual income from said farm, to pay all taxes and assessments that may be lawfully levied thereon, and all repairs, improvements and expenses of maintenance of said farm, and the cost and expenses of the execution of said trust, and the net annual income arising from said farm after the payment aforesaid I direct to be paid to the trustees of the J. C. Hammond Hospital, of Geneseo, Illinois, for the purposes hereinafter set forth in this will."

Plaintiffs in error insist the fifth paragraph is invalid because the devise is conditional and uncertain, as there may never be any net income; that whether charity will take depends upon conditions precedent, and the devise violates the rule against perpetuities; that the gift to charity is void because of uncertainty in the subject matter of the gift; and that a perpetual trust for charity cannot be created which does not vest within the time limited for ordinary trusts.

Plaintiffs in error contend that by the fifth paragraph there is no direct and certain gift to charity; that there is only a possibility there may be a fund which will go to a charitable use, and that such a provision is not a valid charitable bequest. It is argued that the whole scheme and purpose of the testator, through the trustee, was to keep and perpetuate the farm forever as a farm, and the will directed the trustee to carry on the farm, and out of the gross income from it pay the taxes, maintenance, expenses of management and costs of the execution of the trust and pay the net annual income to the charity designated. It is insisted that whether charity will get anything depends upon whether the trustee so manages the property as to make it produce a net income; that the trustee may never make the farm produce more than enough to pay for its maintenance, taxes and costs of management, and therefore no interest presently vested in charity at the testator's death and may not do so within the rule against perpetuities.

It is not denied that it has long been the established rule in this State courts of equity favor gifts to charity. In construing such gifts, if there are two possible methods of construction, one of which will render the gift valid and the other invalid, courts will adopt the construction which will sustain the gift. (Gray on Rule Against Perpetuities, sec. 673.) The trustee is not permitted to use the income for any other purpose except to pay taxes, repairs, improvements and expenses of maintenance and the costs of executing the trust, and pay the annual net income to charity.

It is true there will be nothing to go to charity if the trustee so manages the farm as to absorb all the gross income, but that is not a reasonable possibility. The amended bill alleged all debts, legacies and costs were paid out of the personal estate; that the farm is highly improved and of great rental value. It could not be that a highly improved farm of great rental value would not produce an income more than sufficient to pay expenses of its maintenance. The trustee was not authorized to squander the income in improving and maintaining the farm. Sufficient of the income was authorized to be expended in keeping up the farm to get "the best possible income from it," and all the income above that goes to the hospital. A court of equity has ample power to require the farm to be prudently managed. No discretion or choice is given the trustee in executing the trust, which is not subject to the control of a court of equity except the direction to pay the net income to the hospital, and as to that the court has no other power than to enforce its payment according to the directions of the testator. As we understand it, the testator's prime purpose was not, as plaintiffs in error contend, to have the operation of his farm continued forever as a farm, and if there should be any surplus income from it that the trustee pay it to the charity, but his purpose was to devote the farm to charity, and to accomplish that object he devised it to a trustee, with directions to operate it and pay the net income to the hospital. The gift was to charity, not upon a future and uncertain condition which might never happen, but was immediate and not within the rule against perpetuities. It is essential in every case that when only the net income from property is given to a charitable use the property shall be so managed as to produce a net income, but if the property is income-producing property the gift is regarded as immediate, not subject to conditions precedent and not within the rule against perpetuities. *Ingraham* v. *Ingraham,* 169 Ill. 432.

318—17

Much reliance is placed by plaintiffs in error upon *Wilce* v. *VanAnden,* 248 Ill. 358, where the court held power was conferred upon the trustees to use the *corpus* of the fund in paying annuities during the life of the annuitants until the fund might be exhausted and nothing remain to which the gift could attach. The decision in that case was based principally on *Mills* v. *Newberry,* 112 Ill. 123, and both those cases were explained and distinguished in *Burke* v. *Burke,* 259 Ill. 262. In the *Burke case* there was a devise to the testator's widow of his real estate for life, with power to sell and convey it if she deemed it necessary in order to supply herself with the comforts and necessities of life. Upon her death the land remaining unsold was to be sold and the income from part of the proceeds was to be used for the erection and support of a school to be established and maintained by St. Mary's Catholic Parish of Sterling. The court sustained the gift as vested though subject to defeat by the exercise of the power of sale by the life tenant. Every proposition advanced by plaintiffs in error as reasons why paragraph 5 should be held invalid is answered in *Burke* v. *Burke, supra,* and the following cases, contrary to their contention: *Hunt* v. *Fowler,* 121 Ill. 269; *Crerar* v. *Williams,* 145 id. 625; *Ingraham* v. *Ingraham, supra; French* v. *Calkins,* 252 Ill. 243; *Jansen* v. *Godair,* 292 id. 364; *Hart* v. *Taylor,* 301 id. 344; *Harges* v. *Zander,* 314 id. 170. The rules and principles which must be applied in the construction of paragraph 5 of the will here under consideration are fully discussed in those cases and need not be here repeated. They conclusively sustain paragraph 5 as a valid gift to charity, and if that provision is valid no other provisions of the will are questioned.

The decree of the circuit court is affirmed.

*Decree affirmed.*