(No. 24078.—

THE FIRST NATIONAL BANK OF CHICAGO *et al.* Appellees, *vs.* CALLAE MACKEY MCINTOSH *et al.*—(CALLAE M. BUELL *et al.* Appellants.)

*Opinion filed June 11, 1937.*

CHESTER D. KERN, and JOHN W. FREELS, for appellants.

JAMES S. BALDWIN, (CHARLES SCOTT KELLY, and C. C. GRUETZMACHER, of counsel,) for appellees The First National Bank of Chicago *et al.;* ERNEST SAUNDERS, guardian *ad litem,* for appellee Harry M. McIntosh; C. E. STENNING, trustee for unborn beneficiaries.

Mr. JUSTICE SHAW delivered the opinion of the court:

The appellees, the First National Bank of Chicago, successor to the First Trust and Savings Bank of Chicago, and Frank B. Hubachek, executors and trustees of the will of Harry M. McIntosh, filed a bill in the superior court of Cook county asking the aid and direction of the court in the construction of the fourth and fifth clauses of the will. Guardians *ad litem* were appointed for the minor defendants, and a trustee appointed for the possible un-

born children. The cause was referred to a master in chancery, a full hearing was had, and a decree was entered by the chancellor in accordance with the prayer of the complaint, and this appeal followed.

The decree found Harry M. McIntosh died testate on September 3, 1932, leaving as his heirs-at-law his widow, Callae McIntosh, and two adopted children, Marjorie McIntosh Buell and Donald Murray McIntosh, both of whom were married. At the time of the testator's death, Marjorie McIntosh Buell had four children, Callae M., Temple Hoyne, Jr., Beverly Milne, and Marjorie, all minors. Several months later a daughter, Dona Ruth, was born to Donald McIntosh, and in March 1935, a son, Harry Milne, was born. The fourth and fifth clauses of the will are as follows:

"*Fourth:* I give, bequeath and devise two-ninths of all property, real and personal, of which I may die possessed, to the First Trust and Savings Bank of Chicago and Frank A. Hubachek, to be held by them in trust for the use and benefit of each and all of my grandchildren until the youngest grandchild living at the time of my death shall have attained the age of twenty-five (25) years; at which time said trust shall terminate and said trustees shall convey and turn over to each grandchild its share of said trust estate. But should said youngest grandchild not attain the age of twenty-five years, then said trust shall terminate twenty (20) years after the date of my death.

"*Fifth:* I hereby appoint said First Trust and Savings Bank of Chicago and said Frank B. Hubachek executors of this my Will, and trustees of the property bequeathed and devised to them for the benefit of my said grandchildren with full power to sell and convey any and all the property held by them for the benefit of said grandchildren, upon such terms and conditions as said trustees may deem advisable. And I further empower and direct said trustees to advance from time to time such portions

of the income and principal of said trust estate for the care, maintenance and education of said grandchildren as said trustees may deem advisable. In the event of the failure or inability of either of said trustees to act as trustee, then I give full authority to the remaining trustee to act as the sole trustee of said trust."

The decree also found that the will created a valid trust, and that the equitable estate vested immediately in the grandchildren living at the time of the testator's death, subject to opening up to include the future issue of the bodies of Marjorie McIntosh Buell and Donald McIntosh, born after the testator's death, and those who may be born down to the termination of the trust.

The appellants, who are the grandchildren living at the time of the testator's death, contend that the decree should be modified so as to find that, by the fourth paragraph of the will, the testator made a direct gift in trust to them, which interest became vested immediately and not subject to the opening up of the class so as to include any after-born children, and rely on such cases as *Handberry v. Doolittle,* 38 Ill. 202; *Dime Savings & Trust Co. v. Watson,* 254 id. 419, *Henkins v. Henkins,* 287 id. 62, and *Himmel v. Himmel,* 294 id. 557.

In *Handberry v. Doolittle,* the gift of the testator was to a class, but it was to come into the possession of the devisees immediately upon the death of the testator. In deciding that case the court said: "But if the will carves out a particular estate, which intervenes between the death of the testator and the period of distribution of the estate devised to the class, then all persons belonging to such class, at the time when the estate is divided, are included, though born after the death of the testator." In *Dime Savings & Trust Co. v. Watson,* the attempted trust violated the rule against perpetuities, but the court stated the law to be that, where there is a devise to a class after the termination of an intervening particular estate, all persons

belonging to the class at the termination of the prior estate, whether in being at the death of the testator or not, are entitled to share in the devise. In *Henkins* v. *Henkins,* the testator devised a life estate to his son with a remainder to the son's children, should the children survive the father, and in the event the contingency should not happen the remainder was disposed of as intestate property, and it was there held that, the devise failing, because of the failure of the happening of the contingency, the property descended to those who were the heirs of the testator at the time of his death. In *Himmel* v. *Himmel* there was a devise to a son and only child, with a provision that if he died without issue the property should revert and descend to the heirs of the testatrix, and it was there held that the heirs of the testatrix would be ascertained at her death, if there was no contrary manifestation in the will.

The trust estate established by the fourth clause of the will is to continue until the youngest grandchild, living at the time of the testator's death, shall attain the age of twenty-five years, and in the event that the youngest grandchild does not reach that age, the trust is to terminate twenty years after the testator's death. Clearly this does not violate the rule against perpetuities. The trust is to be terminated at either of two definite dates, whichever may arrive first, and we have held that, in such an event, the title vests in the grandchildren immediately on the death of the testator, but subject to open up and let in after-born children. In *Howe* v. *Hodge,* 152 Ill. 252, we said: "No particular form of words is required in a will. All that is necessary is that the words used by the testator show what his intention is,—what disposition he makes of his property. Here, the language used by the testator is *in praesenti.* At the beginning of the paragraph he gives all of his residuary estate to his executors, 'in trust for the following purposes.' Then he gives certain directions to his executors in respect to sales of real estate, distribution

of the property among all his grandchildren as they shall respectively arrive at the age of thirty years, etc., and he closes the paragraph by saying: 'My intention in disposing of the property named in this paragraph is to divide it equally among all my grandchildren.' This language clearly points out both the subject and the objects of his bounty, and indicates a gift to his grandchildren, as a class, of the beneficial interest in and equitable title to all of the residuary estate. Such interest and title vested in the grandchildren immediately upon the death of the testator, but subject to open up and let in after-born grandchildren." This rule has been recently approved in *McKibben* v. *Pioneer Trust and Savings Bank,* 365 Ill. 369.

The appellants also contend that the decree should be modified to hold that the *corpus* of the trust estate be paid to the beneficiaries as they respectively attain their majorities, because, it is claimed, that there will be a violation of the act of 1907, restraining trusts and limiting accumulations under deeds and wills. (State Bar Stat. 1935, chap. 3, par. 145.) The fifth clause of the will empowers the trustees to advance, from time to time, such portions of the income and principal, for maintenance and education of the grandchildren, as they deem advisable. There is no provision in the will for accumulation of the trust fund and the courts could not now decide any question concerning the possible accumulation. (*French* v. *Calkins,* 252 Ill. 243.) Furthermore, the will does not provide for distribution to the grandchildren when they reach their majority, but at one of two stated times, either at the time that the youngest grandchild living at the time of the testator's death, reaches twenty-five years of age, or twenty years from the testator's death, in the event the youngest grandchild fails to attain that age. The beneficiaries may change, new beneficiaries may be born. The income may be entirely expended for their maintenance and education, so the courts could not decide questions, at this time, which

may or may not exist at the time of the distribution of the estate.

The decree of the superior court of Cook county is right and is affirmed.

*Decree affirmed.*