Maximilian Moss, S.
The accounting petitioners request a determination of the validity, construction and effect of paragraph “Fifth” of testator’s will dated December 16, 1939. Testator died April 14,1953.
Subparagraph 1 of paragraph “ Fifth ” of the will bequeaths his residuary estate to the executors and trustees, or the survivor of them, in trust to convert as much thereof into cash as in their judgment and discretion they deem wise and establish a fund to be known as the Wernick Fund; to lend therefrom, without interest, a sum not exceeding $500 for a period not exceeding 10 years from testator’s death, to each of testator’s relatives specifically named and, except one, to their respective children. It further provides that the executors and trustees “ in their sole discretion ” may expend from said fund, for the purpose of supplying aid to each of the two named persons and their children then residing in Soviet Russia, a sum not exceeding $500.
Subparagraph 2 provides: ‘ ‘ Ten years after my decease, I direct that the said Wernick Fund shall terminate and I further direct my executors and trustees to divide the assets * * * into as many equal shares as shall equal the number of the following persons then alive.” (Emphasis supplied.) Here follows a repetition of the names and classes of relatives described in subparagraph 1, to whom the court will hereinafter refer as “legatees”. Paragraph “Ninth” authorizes the executors and trustees to continue any of the investments and to “invest and reinvest” the same in specific securities. The will makes no provision for the disposition of the income of the estate in the interim.
The estate consists entirely of personal property. A trust of personal property, unlike one of real property, may be created for any lawful purpose (see Real Property Law, § 96; Power v. Cassidy, 79 N. Y. 602, 613; Cass v. Cass, 15 App. Div. 235, 239; Gilman v. McArdle, 99 N. Y. 451, 456); but its duration, like one of real property, may not be for a specific period of years (Matter of Hitchcock, 222 N. Y. 57, 71; Freeman v. *278 Hanna, 178 App. Div. 630). Obviously therefore the direction to hold the residuary estate until the 10th anniversary of testator’s death and then to distribute it, is void (Personal Property Law, § 11; Real Property Law, § 42).
What is the effect of such invalidity on the disposition of the residuary estate? Subparagraph 2 of paragraph “Fifth” of the will directs the fiduciaries “ to divide the assets * * * into as many equal shares as shall equal the number of the following persons then alive ”. (Emphasis supplied.) After naming the persons and classes stated above, it provides: “ I further direct that one of said shares shall be given to each of such persons who shall be alive. It is my will that my relatives mentioned shall take, under this paragraph, per capita and not per stirpes.” (Emphasis supplied.)
The provisions of subparagraph 2 clearly require survivor-ship at the time of distribution as a condition for vesting of the gifts (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 103) and for that reason the remainders are contingent. As was said in a similar situation in Matter of Storm (205 Misc. 1109, 1115): “Such provisions are clearly contingent, both as to time of division and as to persons among whom the shares are to be divided. They may not be accelerated and will pass as intestate property * * * (Matter of Crane, 164 N. Y. 71, 76; Smith v. Edwards, 88 N. Y. 92; Delafield v. Shipman, 103 N. Y. 463; Wright v. Wright, 225 N. Y. 329; Matter of Bostwick, 236 N. Y. 242; New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93; Delaney v. McCormack, 88 N. Y. 174; Matter of Baer, 147 N. Y. 348).”
It is to be noted that the will makes no provision for the disposition of the income until distribution. In such circumstances, the income will pass to the distributees of the testator as of the date of his death.
The persons mentioned in paragraph 1 as residing in Soviet Russia when the will was executed have no rights under testator’s will which they may enforce. The only aid they could have received was in the exercise of the sole discretion of the fiduciaries and only until distribution. The account shows that the executors and trustees have not allocated nor intend to allocate any funds for their benefit. The special guardian who represents 'them reports that they have not been heard from since before the beginning of World War II and that the community in which they lived in Soviet Russia was invaded by the German army during said war and all Jews in their town were shipped to Germany to concentration camps and cremated.
*279 Proof as to who were testator’s distributees at his death will in any event be required before distribution. Since the trustees have no valid trust duties to carry out, distribution devolves on the executors who have an administrative title to the estate (Steinway v. Steinway, 163 N. Y. 183, 200-201).
Proceed accordingly.