Maximilian Moss, S.
Petitioner’s motion for a rehearing on the construction of testator’s will on newly discovered evidence is in all respects granted. No decree was made on the original decision of June 7, 1957 (Matter of Wernick, 12 Misc 2d 276) and all the parties who appeared in the proceeding have been served with notice of this application. The facts as they now appear are not disputed.
In 1927 testator moved from Boston, Mass., to New Jersey, where he became a resident and married. On December 16, 1939 he made a will in New Jersey. In or about 1949 testator established his domicile in California. In 1952 testator came to Brooklyn, New York “ to be near his relatives while undergoing-medical aid and assistance.” On April 14, 1953 testator died in this county and the above-mentioned will made in New Jersey was probated by this court on July 13, 1954. He left an estate consisting of personal property situated within the State of New York. His domicile was not then put in issue nor was it adjudicated. Therefore it may be determined on this application (Matter of Gardner, 260 App. Div. 132).
This court heretofore construed the trust provisions of testator’s will as suspending the poAver of alienation, and therefore invalid under the laws of Noav York (see Matter of *476 Wernick, supra). It is now contended that the trust provisions are valid under the laws of California where testator was domiciled.
The court finds on newly discovered evidence that at his death testator was domiciled in California. Section 946 of the Civil Code of California provides that if there is no law to the contrary in the place where personal property is situated, it is deemed to follow the person of its owner, and is governed by the laws of his domicile. Section 47 of the Decedent Estate Law of New York insofar as it is pertinent here, provides that the validity and effect of a testamentary disposition of personal property situated in this State are regulated by the law of the State of which decedent was domiciled (see, also, Cross v. United States Trust Co., 131 N. Y. 330; 1 Davids on New York Law of Wills, § 531; Matter of Gifford, 279 N. Y. 470; Matter of Slade, 154 Misc. 275).
Section 715.1 of the Civil Code of California provides that the absolute power of alienation cannot be suspended by any limitation or condition whatever for a period longer than 21 years after some life in being at the creation of the interest and a period of gestation. The lives selected to govern the period of suspension must not be so numerous or so situated that evidence of their deaths is likely to be unreasonably difficult to obtain.
It has been held that the 21-year period may be taken as a term in gross, independent of lives (First Nat. Bank of Chicago v. McIntosh, 366 Ill. 436; Dwyer v. National Newark & Essex Banking Co., 103 N. J. Eq. 481). The court therefore holds the duration of the trust, which was 10 years from testator’s death, created under paragraph Fifth of the will is valid under the laws of California.
The will makes no provision for the disposition of the income until distribution. Section 724 of the Civil Code of California reads as follows: “ An accumulation of the income of property may be directed by any will, trust or transfer in writing sufficient to pass the property or create the trust out of which the the fund is to arise, for the benefit of one or more persons, objects or purposes, to commence within the time in this title permitted for the vesting of future interests and not to extend beyond the period limiting the time within which the absolute power of alienation of property may be suspended as prescribed by law.”
The quoted language has been construed to mean that accumulation of income from a trust cannot extend beyond the duration of the trust (see Matter of Hardy, 62 Cal. App. 2d 958). Since *477 the will of the testator makes no direction with respect to the income there is no unlawful accumulation.
The determination heretofore made by reason of the invalidity of the trust under the laws of New York becomes ineffective as the court now finds that testator’s domicile was the State of California.
Settle decree on notice.