In the Matter of the Estate Tax upon the Estate of ARCHIBALD R. GARDNER, Deceased.

EUGENIE R. GARDNER, Individually and as Administratrix C. T. A., MATTIE FISHER and MARY WAITE, Appellants; POWELL CRICHTON, as Executor, etc., of ARCHIBALD R. GARDNER, Petitioner, Respondent; STATE TAX COMMISSION, Respondent.

Second Department, July 2, 1940.

*Israel Machtey*, for the appellant Eugenie R. Gardner, individually and as administratrix *c. t. a.*

*Harry Loeb Mostow*, for the respondent Powell Crichton, as executor, etc.

*Mortimer M. Kassell* [*Harry T. O'Brien, Jr.*, with him on the brief], for the respondent State Tax Commission.

HAGARTY, J. By decree of the Surrogate's Court, Westchester County, entered on the 14th day of July, 1939, the will of Archibald R. Gardner, described in the decree as " late of Palm Beach, Florida," was admitted to probate, upon petition of respondent Powell Crichton, the executor named in the will. In that petition, facts were set forth in support of the allegation that the decedent was a non-resident who died within the county of Westchester, leaving personalty in this State. All parties waived the issuance and service of citation, including respondent State Tax Commission. The State Tax Commission was cited in accordance with subdivision 1 of section 249-t of the Tax Law (Laws of 1909, chap. 62, as amd.), providing that every petition for original letters testamentary upon the estate of a decedent, who at the time of his death was not domiciled in this State, should set forth the Tax Commission as a party to be cited. Accordingly, letters testamentary were issued to the petitioner.

This is an estate tax proceeding. In the petition, Powell Crichton, petitioner, alleges that, since the probate of the will, he has discovered evidence sufficient to raise a question as to whether decedent died a resident of New York or of Florida. As to the nature of that evidence, he leaves us in the dark. However, he does state that he does not know whether to file a report of the assets of the estate for transfer tax purposes as that of a resident or of a non-resident decedent of this State, and asks the surrogate to take proof and determine the question. The motion was granted to the extent of referring the matter to a referee to take proof and the appellants' motion to dismiss the petition was denied.

In seeking dismissal of the petition, appellants, who are legatees and a representative of a legatee under the will, contend that the issue of residence was adjudicated by the decree admitting the will to probate, with binding effect upon all who were cited, inclusive of the respondent, State Tax Commission. That decree, however, determines no more than that the court had jurisdiction to entertain the proceeding and admit the will to probate. Jurisdiction was not dependent upon non-residence. It was acquired by reason of the fact alleged that the decedent died within the county of Westchester, leaving personalty in this State. It was, therefore, unnecessary to determine the residence or domicile of the decedent in the probate proceeding. That issue, necessarily involving the rate of the tax to be assessed, properly remained to be decided in the present tax proceeding. (*Matter of Mesa y Hernandez*, 172 App. Div. 467, 475; affd., 219 N. Y. 566.) The court has jurisdiction in this proceeding to determine the issue of domicile, even by separate trial. (*Matter of Trowbridge*, 266 N. Y. 283, 288.)

In any event, the notice to the State Tax Commission, required by statute upon the probate of a will of an alleged non-resident, does not preclude the State Tax Commission from raising the issue of domicile in the proceeding, which proceeding is consistent with and incidental to the administration of the estate. The purpose of the notice is limited to the provisions of the Tax Law (*supra*), and is to inform the Tax Commission of the claimed status of the decedent in order that the interest of the State may be protected when the issue is presented.

The order should be affirmed, without costs.

LAZANSKY, P. J., CARSWELL, ADEL and TAYLOR, JJ., concur.

Order of the Surrogate's Court, Westchester County, denying motions of appellants to dismiss the petition of the executor under the last will and testament of decedent to determine decedent's domicile, and referring the matter to a referee to take evidence and report, unanimously affirmed, without costs,