In the Matter of the Estate of PATRICK J. MULHERN, Deceased. ALICE W. MULHERN, Respondent; FRANK M. OSTA, as Executor of PATRICK J. MULHERN, Deceased, Appellant.

Fourth Department, February 20, 1969.

*John L. Barrett* for appellant.

*Runals, Broderick, Shoemaker, Rickert, Runals & Berrigan* (*Patrick J. Berrigan* of counsel), for respondent.

HENRY, J. In this proceeding instituted by testator's surviving spouse pursuant to section 145-a of the Surrogate's Court Act to determine the validity of her election to take her

intestate share of testator's estate under the provisions of section 18 of the Decedent Estate Law, the Surrogate erroneously refused to hear proof offered by the executor which was relevant to the issue of whether the law of the Province of Ontario or the law of the State of New York should be invoked in deciding the case. Petitioner alleges that she and testator were married on September 16, 1961, and separated under the terms of a separation agreement executed in the Province of Ontario on November 10, 1961. The proof offered by appellant would show facts and circumstances concerning the matrimonial domicile of petitioner and testator at the time of their marriage and thereafter, and other contacts which Ontario and New York have had with the controversy presented by the petition herein.

The Surrogate held that the executor was estopped from disputing the domicile of the testator and was precluded from offering any evidence on the issue of his domicile because the petition for probate of the will alleged that testator was at the time of his death a resident of Erie County, New York, and that he died therein. The decree admitting the will to probate makes no specific adjudication of testator's domicile or residence. The fact that testator died in Erie County and left personal property therein was alone sufficient to give the Surrogate's Court of that county jurisdiction to probate the will. (Surrogate's Ct. Act, § 45, subd. 2.) Where, as here, the executor does not attack the jurisdiction of the court rendering the decree and where the fact of decedent's residence within the territorial jurisdiction of the court is not essential to confer jurisdiction upon the court even though it is the only jurisdictional fact recited in the petition for probate, the parties to the probate proceeding are not estopped from thereafter disputing the allegations of the petition for probate as to the testator's domicile (*Matter of Hernandez*, 172 App. Div. 467, affd. 219 N. Y. 566; *Matter of Gardner*, 260 App. Div. 132). An executor cannot change the actual domicile of the testator by his own admissions or allegations after the testator's death. Such admissions are beyond the province of an executor. (*Matter of Grant*, 83 Misc. 257, 260, affd. 166 App. Div. 921.) In resolving the choice of law issue the Surrogate should receive all relevant evidence of the contacts which the Province of Ontario and the State of New York have had with the controversy to be considered in determining which of the jurisdictions has the paramount interest in the application of its law. (*Matter of Crichton*, 20 N Y 2d 124; *Matter of Clark*, 21 N Y 2d 478.)

The decree (denominated order) should be reversed and a new trial had.

GOLDMAN, P. J., GABRIELLI, MOULE and BASTOW, JJ., concur.

Decree unanimously reversed on the law and facts and a new trial granted, with costs to abide the event.