In the Matter of the Will of EUGENIA GIFFORD, Deceased. GEORGE H. GIFFORD et al., Appellants; CONSTANTINO GAVAZZI, Respondent.

Submitted November 22, 1938; decided January 10, 1939.

*William L. Schrauth* and *Earl J. Helmick* for appellants. The issues raised by the answer of the appellants necessitated a trial before the Surrogate. (*Taylor* v. *Syme,* 162 N. Y. 513; *Matter of Connell,* 221 N. Y. 190; *Matter of Renard,* 157 Misc. Rep. 174; *Matter of Harwood,* 104 Misc. Rep. 653; 227 N. Y. 607; *Holzer* v. *Deutsche Reichsbahn-Gessellschaft,* 277 N. Y. 474; *Gould* v. *Gould,* 235 N. Y. 14; *Pepin* v. *Lachenmeyer,* 45 N. Y. 27; *Bosworth* v. *Vandewalker,* 53 N. Y. 597; *Dunstan* v. *Higgins,* 138 N. Y. 70; *Lazier* v. *Westcott,* 26 N. Y. 146; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23.) The so-called will offered for ancillary probate does not make the respondent the sole devisee and legatee of the decedent. (*Matter of Bump,* 234 N. Y. 60; *Matter of James,* 146 N. Y. 78; *Miller* v. *Gilbert,* 144 N. Y. 68; *Matter of Brown,* 154 N. Y. 313; *Goebel* v. *Wolf,* 113 N. Y. 405.)

*Henry Vollmer, Jr., George C. Wildermuth* and *Robert J. Dixon* for respondent. The respondent, as universal legatee under the French law, on the proof submitted, was entitled to ancillary letters as a matter of law pursuant to the provisions of section 45 of the Decedent Estate Law (Cons. Laws, ch. 13) and section 159 of the Surrogate's Court Act. (*Matter of Harwood,* 104 Misc. Rep. 653; 188 App. Div. 918; 227 N. Y. 607; *Matter of Renard,* 157 Misc. Rep. 174; *Baldwin* v. *Rice,* 183 N. Y. 55; *Matter of McCaffrey,* 188 App. Div. 772; *Matter of Connell,* 221 N. Y. 190.) The French will and its foreign probate, upon which ancillary letters were granted, adjudicates the respondent as the universal legatee. (*Matter of Connell,* 221 N. Y. 190; *Matter of Harwood,* 104 Misc. Rep. 653; *Johnson* v. *Brasington,* 156 N. Y. 181; *Matter of Knapp,* 206 App. Div. 260.)

LEHMAN, J. Eugenia Gifford died in Nice, France, on June 13, 1935. She left a letter in her own handwriting:

" To the U. S. A. Consul in Nice, A.M. (Alpes Maritimes)

" DEAR SIR: In case I should die, my personal effects must be left in the custody of Mr. Constantino Gavazzi, Barclays Bank, Ltd., Monte Carlo. Mr Gavazzi is my heir and my personal belongings are located in Monte Carlo.

" I thank you for your courtesy.

" Sincerely,

" EUGENIA GIFFORD."

Upon the application of Constantino Gavazzi to the appropriate court in Nice, the letter was admitted to probate as a holographic will in February, 1936, and the following order was made:

" We, the presiding Justice of this Court for Civil Matters of Original Jurisdiction of Nice, Knight of the Legion of Honor:

" Having seen the foregoing request and the reasons therein mentioned and the documents attached thereto, especially the legal opinion, vest the petitioner with the possession of the property of Mrs. Eugenia Sutherland, wife of Mr. George Gifford, so that he may enjoy same and dispose of the same, as belonging to him, as of the date of the death."

The husband of the decedent and her sister reside in this State. Upon notice to them, Constantino Gavazzi applied to the Surrogate's Court of Queens county for ancillary letters testamentary. In their answer to the petition of Gavazzi, they allege that they are advised by counsel that the " provisions of the letter dated July 27th, 1931, which the French Court considered a Will, relate only to the personal effects of the decedent mentioned therein and have no relevancy to the American estate of said decedent." They allege further " that your respondents have reason to believe that the decedent has made a Will of her property, which Will is subsequent in date to the Will being offered for ancillary probate herein." Letters from apparently responsible persons are annexed to show the grounds of such belief. The decedent's husband and sister asked that the court adjudge " that the said letter is illegal and invalid as a Will of property other than property in France, and of no effect beyond property in France, or, if the Surrogate construes said letter to be a valid disposition of property in this Country, then, that the Surrogate withhold the issuance of ancillary letters to Constantino Gavazzi for a reasonable time so that these respondents may have an opportunity to complete an investigation to determine if there is in existence a Will of the decedent subsequent in date to the letter which is the basis of this proceeding for ancillary letters."

The Surrogate construed the proceedings in France as a conclusive adjudication that the letter of the decedent is a will valid in France and " that the petitioner was entitled

under the will to *all* of the property of the testatrix." He added that " even if I were inclined to disregard the adjudication of the foreign tribunal, I would, nevertheless, hold that the instrument leaves to the petitioner, all the personal property of the testatrix, wherever situated. Under the circumstances, I have no alternative except to grant the application."

The application for ancillary letters was made pursuant to the provisions of section 159 of the Surrogate's Court Act, which provides: " Ancillary letters upon foreign probate. Where a will of personal property made by a person who resided without the state at the time of the execution thereof, or at the time of his death, has been admitted to probate or established within the foreign country, or admitted to probate within the state or the territory of the United States, where it was executed, or where the testator resided at the time of his death; the surrogate's court having jurisdiction of the estate, must, upon an application made as prescribed in this article, accompanied by a copy of the will, and of the foreign letters, if any have been issued, authenticated as prescribed in section forty-five of the decedent estate law, record the will and the foreign letters, and issue thereupon ancillary letters testamentary, or ancillary letters of administration with the will annexed, as the case requires."

The statute applies by its terms only to a will of personal property made by a " person who *resided without the state* at the time of the execution thereof, or at the time of his death." The validity and effect of a testamentary disposition of personal property situated within this State are " regulated by the laws of the state or country, of which the decedent was a resident, at the time of his death." (Dec. Est. Law [Cons. Laws, ch. 13], § 47.) Even before the statute was enacted it was the common law rule that the validity and effect of a testamentary disposition of personal property are regulated by the law

of the testator's domicile at the time of his death. (*N. Y. Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11, 19.) It is plain that in both these statutes the Legislature used " residence " as synonymous with " domicile." The disposition of *property within this State* by a person *domiciled here* is certainly regulated by the laws of this State. Even where, by the laws of a foreign country, probate may be granted and letters testamentary issued upon the will of a person who dies there, though residing or domiciled elsewhere, a decree of probate can certainly not be a conclusive adjudication here of the validity or effect of an alleged will made by a person domiciled here, at least unless all interested persons have been made parties to the foreign probate proceeding.

In the instant case the application for probate in France was made *ex parte.* The decedent's husband resided in the State of New York. Whether the decedent and her husband were permanently living apart does not appear from any papers submitted to the French probate court. Affidavits presented to the French court do, it is true, refer to the decedent as " residing in Nice," but the same affidavits state " that the deceased was the wife of Mr. George Gifford residing in New York City." It does not appear that the court in France attempted to adjudicate that the decedent resided or was domiciled there. On the contrary, it appears from the affidavit of an attorney admitted to practice both in New York and in France that " under the laws of the Republic of France * * * the court located in the jurisdiction *where a decedent dies* has jurisdiction over the probate of such decedent's last will and testament," and that the court there assumed jurisdiction on that ground. The decree of probate does not even presumptively determine that the decedent was domiciled in France. Certainly no decision in that regard was made which would be binding upon any persons who might be interested in the estate. (Cf. *Matter of Cornell,* 267 N. Y. 456.)

Even assuming that the decedent at the time of her death was " domiciled " in France, the question whether the letter constituted a testamentary disposition of personal property here would still remain. Though the statute is mandatory in form, it is plain that no ancillary letters testamentary should issue if the will probated at a decedent's last domicile was intended to cover only property there, for otherwise an executor would under a will obtain control of property which the testator did not intend should pass under the will.

It is said that the order of the court which purports to " vest " Mr. Gavazzi " with the possession of the property " of the decedent " so that he may enjoy same and dispose of same as belonging to him " constitutes a conclusive adjudication that *all* the property of the decedent here and abroad passed to him under the will. There may perhaps be some doubt whether the court intended to make any such adjudication, conclusive or otherwise. The affidavit of the French attorney to which we have already referred states that the order of the French court " is termed in French an ' envoi en possession ' " and that Constantino Gavazzi, being the residuary legatee of the decedent, termed in French ' Legataire Universel,' is entitled to the possession of the entire estate of the decedent." That statement is, however, only the conclusion or opinion of the attorney. The parties interested are, of course, free to contest the accuracy of this statement of the French law.

That question cannot be determined satisfactorily upon the affidavits submitted. True, it finds some support in what was said or decided in *Caulfield* v. *Sullivan* (85 N. Y. 153); *Matter of Gay* (227 N. Y. 607), and *Matter of Renard* (157 Misc. Rep. 174). In those cases, however, the language of the will was specific and it was evident that the person to whom the " envoi en possession " was granted was intended by the testator to be the legatee of all his goods. In this case the letter which has

been probated as a will does not in terms state that Mr. Gavazzi shall receive *all* the decedent's property. Nor does the order of the court so state specifically. It is in different form from the court order construed by the court in *Matter of Gay* (*supra*). It contains no phrases like " legataire universel " or " entire estate " of the decedent. Those phrases in the affidavit of the attorney represent only the attorney's construction of the court order. We do not wish to indicate that we believe that the construction is incorrect; we say only that before it can carry any legal consequences here the appellants should have opportunity to contest its accuracy.

If upon a trial it should appear that the decedent's domicile or residence at the time of her death was in France and that the French court did determine that Gavazzi was entitled to her " entire estate " including her property here, then we reach the question whether that determination is binding upon the courts here. We know that at times American citizens and others having personal property both here and abroad, make separate testamentary disposition of their property abroad. In such case the courts in each country probate the will or wills referring to property there. Even the courts of the country where the testator was domiciled do not grant probate or issue letters testamentary upon a will which refers only to personal property in another jurisdiction. That was decided centuries ago in *Jauncy* v. *Sealey* ([1686] 1 Vern. 397). Before granting ancillary letters testamentary upon a will probated elsewhere, the courts of this jurisdiction must determine whether the will disposes of personal property here.

No *ex parte* determination of that question, even by a court of the testator's domicile, can conclusively bind the courts of this State upon such a point. This case illustrates aptly how unreasonable any other rule might be. The letter written by the decedent is written in English. Its language is not that of present testamentary dis-

position; it makes specific reference only to personal property and personal effects of the decedent abroad. Any testamentary intention to dispose of all the decedent's personal property elsewhere, if there be such intention, rests upon doubtful implication; yet it is said that a decree of the French court, construing a *translation of the English letter,* made without notice to interested parties here and without evidence which would throw light upon the meaning of the document, is a conclusive and binding adjudication that the letter was intended as a will of property here. Neither the statute nor common law principles dictate such a conclusion. (See *Matter of Mayer,* 84 Misc. Rep. 9, where Surrogate FOWLER has considered that question.)

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court for a hearing in accordance with this opinion, with costs to abide the event.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.