IN RE SMITH'S ESTATE

VANCE, APPELLANT, *v.* GROFF, RESPONDENT.

No. 9160.

Submitted November 18, 1952. Decided April 7, 1953.

255 Pac. (2d) 687.

Messrs. William B. Frame, E. J. Foley, and David L. Holland, Butte, Mr. Robert B. Brown, Stevensville, for appellant.

Messrs. O'Hara, MacDonald and Johnson, Hamilton, Messrs. Gunn, Rasch and Gunn, and Thomas P. Patterson, Helena, for respondent.

Mr. Holland, Mr. Johnson and Mr. Patterson argued orally.

MR. CHIEF JUSTICE ADAIR:

On October 31, 1950, Don R. Smith died in the state of Montana. At the time he was a resident of and domiciled in Ravalli county, Montana, where he owned and operated large property interests, both real and personal, there situate and, in part, consisting of approximately 879 acres of agricultural and grazing lands of the estimated value of $30,000, registered Hereford cattle of the estimated value of $90,000 together with considerable machinery, equipment and other property.

In addition to his above property interests so located in Montana, the decedent also left property situate in Los Angeles county, California, consisting of real property of the estimated value of $5,000 and personal property of the estimated value of $3,000.

Decedent's only heirs at law were four in number, all over the age of twenty-one years, being his widow, and a daughter and two sons, the issue of a former marriage.

At the time of his death, decedent's widow, Hazel A. Smith, his daughter, Hope Marie Vance, and his son, Robert Byers

Smith, all were residents of and domiciled in Ravalli county, Montana, while his son, Gordon King Smith, then resided in Los Angeles county, California.

The widow Hazel A. Smith represents that by a writing of testamentary character subscribed by the decedent on November 8, 1945, and mentioning each of the above heirs, the decedent disposed of all his property interests and nominated and appointed his widow as the executrix thereof.

*California Probate Proceedings.* On November 10, 1950, the foregoing writing was filed in the superior court of the state of California in and for the county of Los Angeles, together with the petition of one Helen L. Crawford of said county and state, requesting that such writing be admitted to probate and that letters of administration with the will annexed be issued to such petitioner by virtue of the written renunciation and relinquishment by the widow Hazel A. Smith, filed in said court, of her right to act as executrix with the request that Helen L. Crawford be appointed as administratrix with the will annexed.

*Crawford Petition.* The petition so filed by Helen L. Crawford, *inter alia*, recites: That Don R. Smith died in the state of Montana; that "said deceased at the time of his death was a resident of the County of Ravalli, State of Montana, and left property in the County of Los Angeles, State of California;" that the estate in California consists of real property of the approximate value of $5,000 and personal property comprising business of the value of $3,000; that the names, ages and residences of the heirs at law of the deceased are: "Hazel A. Smith—Wife—54 years—OXO Ranch, Stevensville, Montana; Robert B. Smith—son—over 21 years—Victor, Montana; Gordon King Smith—son—over 21 years—4115 Beverly Blvd., Los Angeles, California, and Hope Marie Vance—daughter—over 21 years—Stevensville, Montana."

Upon the filing of the petition of Helen L. Crawford and the accompanying papers, the superior court of Los Angeles county set November 30, 1950, for the hearing of such petition, on which date the hearing was had following which said court

made an order stating that all notices of said hearing had been duly given as required by law and ordered that the testamentary writing of November 8, 1945, be admitted to probate as decedent's will and that letters of administration with the will annexed be issued to the petitioner Helen L. Crawford.

*Montana Probate Proceedings.* On December 27, 1950, the respondent W. A. Groff, a resident of Ravalli county, Montana, filed in the district court of the fourth judicial district of the state of Montana in and for the county of Ravalli, a petition praying that an authenticated copy of the writing of November 8, 1945, so admitted to probate on November 30, 1950, by the superior court of Los Angeles county, California, be admitted to probate and be filed and recorded in the district court of Ravalli county, Montana, as decedent's last will and that letters of administration with the will annexed be granted to the petitioner W. A. Groff.

Accompanying the above petition and filed therewith was a writing dated December 27, 1950, subscribed by Hazel A. Smith, stating that she thereby renounces and relinquishes all right to act as executrix and requests that the petitioner W. A. Groff be appointed administrator of the estate.

*Groff Petition.* The petition so filed by W. A. Groff, *inter alia,* recites: That "Don R. Smith departed this life in the County of Ravalli, State of Montana, on or about the 31st day of October 1950, and the said Don R. Smith was at and prior to the time of his death a resident of said County and State last named; that Don R. Smith died testate, leaving a last will and testament; that said will names Hazel A. Smith as executrix thereof; that said will was duly admitted to probate by the Superior Court of the State of California, in and for the County of Los Angeles, by order of said Court duly made and entered on the 30th day of November, 1950, * * * and your petitioner herewith presents a duly authenticated copy of said will and of the foreign probate thereof;"

That "at the time of the death of said Don R. Smith, said

decedent owned property situate in the County of Ravalli, State of Montana, described as follows, to-wit:

"That real estate consisting of approximately 879 acres agricultural and grazing lands, and of the probable value of $30,-000.00, less a mortgage of approximately $19,000.00 thereon, was held in joint tenancy with right of survivorship and not as tenants in common with Hazel A. Smith, who survived him, and is entitled to the same; and personal property consisting of approximately 179, and one-half interest in 17, head of registered Hereford cattle of the approximate value of $90,-000.00, and machinery and equipment of the approximate value of $4,000.00, which your petitioner is informed and believes were likewise owned by decedent and wife jointly.

"That the names, ages, and residences of the devisees and legatees of said decedent are as follows:

"Hazel A. Smith, of legal age, of Stevensville, Montana, widow of decedent;

"Hope Marie Smith Vance, of legal age, of Stevensville, Montana, daughter of decedent;

"Gordon King Smith, of legal age, of Los Angeles, California, son of decedent;

"Robert Byers Smith, of legal age, of Victor, Montana, son of decedent."

No notice whatever was given of the filing of the W. A. Groff petition.

The record shows that on December 27, 1950, the day on which such petition was filed in the district court of Ravalli county, petitioner's counsel appeared before the Honorable Albert Besancon, a judge of the fourth judicial district of the state of Montana, at the judge's chambers in the county court house at the city of Missoula, in the county of Missoula, Montana, and there submitted to said judge the exemplified copies of the purported will and of the proceedings for the probate thereof had in the superior court of the state of California at Los Angeles, which were received in evidence and accepted by said judge and that thereupon the widow Hazel A. Smith, and

the petitioner W. A. Groff were sworn and examined, following which said judge made an order admitting said writing of November 8, 1945, to probate as decedent's will and granting to the petitioner W. A. Groff, letters of administration with the will annexed.

Thereafter, the decedent's daughter, Hope Marie Vance, challenged the jurisdiction of the district court to make its orders admitting the purported will to probate and granting letters of administration to the petitioner Groff. The challenge was first by a petition to revoke the letters and next by a duly noticed motion to vacate and set aside the orders so made.

The district court made an order refusing to revoke the letters of administration so issued to the respondent Groff and refusing to revoke the probate in Montana of the purported will. This is an appeal by the decedent's daughter Hope Marie Vance from the orders so made.

The respondent Groff and the decedent's widow presented to ▉▉ the district court of Ravalli county what purports to be an authenticated copy of a writing of testamentary character wherein the decedent has assumed to dispose of his estate. Under the law of this jurisdiction such writing must be probated in order to effect a transfer of title to either real or personal property left by the decedent.

Where, when and how must decedent's purported will be ▉▉ proved and probated to transfer title to his property and estate in Montana?

The answer is found in R. C. M. 1947, sec. 91-701, subd. 1, which provides:

"Wills must be proved, and letters testamentary or of administration granted:

"1. In the county in which the decedent was a resident at the time of his death, in whatever place he may have died."

Such is the law. Not only is it the law under an express statute, sec. 91-701, subd. 1, supra, but long before the enactment of the statute it was the common law rule that the validity and effect of a testamentary disposition of personal property are

regulated by the law of the testator's domicile at the time of his death. New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11, 55 N. E. 311, 76 Am. St. Rep. 238.

It is clear that in the enactment of section 91-701, subd. 1, supra, the legislature has treated "residence" as synonymous with "domicile." Compare Kemp v. Kemp, 172 Misc. 738, 16 N. Y. S. (2d) 26, 34; In re Gifford's Will, 279 N. Y. 470, 18 N. E. (2d) 663, 664-666; Shenton v. Abbott, 178 Md. 526, 15 A. (2d) 906, 908; State ex rel. Brisbin v. Frater, 1 Wash. (2d) 13, 95 Pac. (2d) 27, 28; State ex rel. Duckworth v. District Court, 107 Mont. 97, 102, 80 Pac. (2d) 367, 369.

Administration in the state where the person was domiciled ■ at the time of his death is deemed the principal or primary administration and is ordinarily termed "domiciliary administration," while administration in a state other than where the decedent was domiciled at the time of his death but wherein the decedent left property is termed "ancillary" or "auxiliary." First National Bank v. Blessing, 231 Mo. App. 288, 98 S. W. (2d) 149. See also In re Smith's Estate, 55 Wyo. 181, 97 Pac. (2d) 677, 683.

In re Gifford's Will, supra, holds [279 N. Y. 470, 18 N. E. ■ (2d) 664]:

"The disposition of *property within this State* by a person *domiciled here* is certainly regulated by the laws of this State. Even where, by the laws of a foreign country, probate may be granted and letters testamentary issued upon the will of a person who dies there, though residing or domiciled elsewhere, a decree of probate can certainly not be a conclusive adjudication here of the validity or effect of an alleged will made by a person domiciled here, at least unless all interested persons have been made parties to the foreign probate proceeding. * * *

"Before granting ancillary letters testamentary upon a will probated elsewhere, the courts of this jurisdiction must determine whether the will disposes of personal property here.

"No *ex parte* determination of that question, even by a court of the testator's domicile, can conclusively bind the courts of

this State upon such a point. This case illustrates aptly how unreasonable any other rule might be.''

In Thompson on Wills, 3d Ed., sec. 188, p. 291, it is said: ''The probate of a will, in the first instance, should be made in the place of testator's domicil at the time of his death, or, as it is sometimes said, the probate court of the domicil of the testator at the time of his death has exclusive jurisdiction.''

Under the provisions of subdivision 1 of section 91-701, supra, it is the declared public policy of this jurisdiction that the first, the primary or the original probate of a will should be made in the county in which the decedent was a resident and domiciled at the time of his death.

R. C. M. 1947, sec. 83-303, so far as is here pertinent provides: ''Every person has, in law, a residence. * * * There can only be one residence. * * * A residence cannot be lost until another is gained. * * * The residence of the husband is presumptively the residence of the wife.''

To the foregoing rules the decedent and his widow were no exceptions. At the time of his death the decedent was a resident of and domiciled in Ravalli county wherein he left a large estate and presumptively his wife Hazel A. Smith was likewise a resident of and domiciled in such county.

At the time of decedent's death his alleged will, wherever executed was a domestic document in Montana wherein decedent was domiciled and left estate and not a foreign writing of some person residing and domiciled in some other state or foreign country. The filing, offering for probate and proving of such domestic will was and is governed by the provisions of R. C. M. 1947, secs. 91-701, subd. 1, 91-801 to 91-812, 91-901 to 91-907, and not by the provisions of secs. 91-1001, 91-1002 and 91-1003 set forth in Chapter 10 of Title 91 of the Codes entitled ''Probate of Foreign Wills''.

Under the Code sections which here control, decedent's alleged will should have been promptly and first filed and offered for primary or original probate in Ravalli county, Montana, secs. 91-701, subd. 1, 91-801 to 91-804, time set for hearing of the

petition for probate as prescribed by section 91-806, notice given of the time and place of such hearing as prescribed by sections 91-806 and 91-807, opportunity to contest the purported will afforded as prescribed by sections 91-810 and 91-901 to 91-907, and proof heard after notice and at a time theretofore set by order of the court as provided in section 91-811.

The heirs of the testator resident in the state of Montana, including the appellant Hope Marie Vance as well as other persons interested in the estate were and are entitled to notice as provided in Chapter 8 of Title 91 of the Codes. These statutory requirements may not be by-passed, circumvented and evaded by the simple device of first offering decedent's alleged will for probate in the state of California and then returning to Montana, the state of decedent's residence and domicile, with, an authenticated copy of the probate proceedings had in California and thereupon, without any notice whatever to the heirs, legatees, and devisees resident in Montana, obtaining an order admitting the alleged will to probate and granting letters of administration, merely upon the presentation of a petition therefor and the submission of the authenticated copy of the California proceedings.

While proceedings had and judgments rendered in the district court sitting in probate are in the nature of proceedings in rem or at least quasi in rem, nevertheless to acquire jurisdiction even of the subject matter it is just as essential that notice be given in a proceeding in rem as that personal service be made in a proceeding in personam.

Where as here there has not even been constructive notices to the heirs, legatees, and devisees resident in Montana as required by statute, those, including appellant, who had no actual notice of the probate proceedings here challenged, are not bound thereby. As to such persons, including the appellant, the proceedings are a nullity and subject to attack either in the same proceeding or in a later equitable action.

To deny the appellant daughter so residing and domiciled in Montana the notice prescribed by Chapter 8 of Title 91 of the

Codes is to deny her due process and therefore violative of her rights under the Constitution of this state.

It follows that the district court of Ravalli county and the judge presiding therein were without jurisdiction to make the order admitting the writing of November 8, 1945, to probate as decedent's last will and granting or authorizing the issuance of letters of administration to the respondent W. A. Groff. Accordingly the letters of administration so granted are revoked and cancelled and the orders from which this appeal was taken are vacated and set aside as void. It is so ordered.

ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN: (concurring specially).

I concur in the foregoing opinion but in view of the contentions made by counsel for respondent believe reference should be made to the California case of In re Reynold's Estate, 217 Cal. 557, 20 Pac. (2d) 323, and the cases therein referred to.

It is pointed out by counsel for respondent that the California statute, sec. 1322, Code Civil Procedure, relating to ancillary proceedings, was amended in 1911 by adding the phrase, "or shall have been a resident at the time of his death" and that our legislature made exactly the same amendment in 1939 to what is now R. C. M. 1947, sec. 91-1001. They contend that by adopting the amendment made in California, Montana also adopted the construction placed upon it by the California courts before the amendment was adopted in Montana. The correctness of this rule cannot be doubted, but the question before us is whether the rule may be applied under the facts here presented.

The point overlooked here is the fact that the Reynolds Case is not comparable to this because in that case the will had been admitted to probate in Illinois in proceedings valid on their face and wherein the Illinois court found that decedent was a resident of that state when he died. Here the petition presented to the California courts on what is claimed to be the original

568

application for probate of the will shows that the decedent was a resident of Montana at the time of his death, which fact negatives jurisdiction in the California courts to grant the original application for probate of the will. Hence when the application for ancillary proceedings was made in Montana, there had been no valid original probate proceedings on which to base application for ancillary proceedings.

I therefore concur in the result reached in the foregoing opinion of CHIEF JUSTICE ADAIR.

MR. JUSTICE ANDERSON not being a member of the court at the time of oral arguments took no part in the decision.