In the Matter of the Probate of the Will of EDWARD E. WOLFF, Deceased.

Surrogate's Court, New York County, January 17, 1955.

*Orr & Brennan* for Chase National Bank of the City of New York, proponent.

*Kunstler & Kunstler* for Robert H. Land, respondent.

FRANKENTHALER, S.  A petition for the probate of decedent's last will has been filed by a national bank as one of the executors named in the propounded instrument.  The proponent has its principal place of business in this county.  The petition alleges that decedent left personal property within this county.  Upon these facts the exercise of jurisdiction in this proceeding rests in the discretion of the court (Surrogate's Court Act, § 45; *Matter of Lamborn,* 168 Misc. 504, affd. 255 App. Div. 755, affd. 280 N. Y. 504.)

The petition alleges further that decedent died a resident of Maryland and his distributees and the legatees named in the propounded paper all are residents of that State.  Such allegations as to the residence of the interested parties might suggest, at first blush, that this court should decline to exercise jurisdiction for the reasons stated in the *Lamborn* decision.  However, additional circumstances present in this proceeding and not existing in the *Lamborn* case persuade this court that a dismissal of the proceeding would negate the explicit desires of the testator.  The instrument offered for probate as his will provides a general legacy of $25,000 to his widow and directs that the remaining estate be held in two separate trusts by his son-in-law and the proponent herein as trustees.  Testator nominated his son-in-law as executor in Maryland to administer all real property, tangible personal property situated in that State and intangible personal property the evidences of which are situated there.  Testator nominated his son-in-law and the proponent herein as executors in the State of New York and in any other State in which it is necessary to administer his assets.  The New York executors are authorized to administer all real property, tangible personal property not situated in Maryland and all intangible personal property the evidences of which are not situated in Maryland.  Testator directed that an

executor appointed in any State other than Maryland remit all assets to the New York executors. He directed his Maryland executor to remit to the New York executors all personalty not required for debts, administration expenses, and specific bequests. He also directed his New York executors to pay directly all estate or inheritance taxes assessed against the estate. It appears that the instrument was drawn and executed here.

Testator's command is that there be dual administrations of his estate and, despite the fact of his domicile, that the principal administration be by executors and trustees appointed here. It may be that dual administrations will occasion expenses in excess of those incurred in usual domiciliary and ancillary administrations but any such results may be assumed to have been within testator's contemplation when he planned his will. While this court is disinclined to assert jurisdiction over estates of residents of sister States, the mandate of the propounded instrument is such that a dismissal of the petition would be a repudiation of testator's carefully conceived plan for the administration of his property. The court believes that the effectuation of that plan requires that, irrespective of any action taken in the domicile, an independent probate of the instrument should be had here. The proceeding is entertained.