IN THE MATTER OF THE ESTATE OF WILLIAM P. BARGLER, DECEASED. THE STATE OF MONTANA, APPELLANT, *v.* PATRICK L. CUMMINGS, AS EXECUTOR OF THE ESTATE OF WILLIAM P. BARGLER, ALSO KNOWN AS WILLIAM P. BERGELER, DECEASED, RESPONDENT.

No. 9263
Submitted May 3, 1955. Decided October 28, 1955.
Rehearing Denied November 21, 1955.
289 Pac. (2d) 680.

492

Arnold H. Olsen, Atty. Gen., William F. Crowley, Asst. Atty. Gen., H. O. Vralsted, Sp. Asst. Atty. Gen., and Lyman J. Hall, Deputy Sp. Asst. Atty. Gen., for appellant.

Messrs. Toomey and Hughes, Helena, Charles R. Casey, Leadville. Colo., for respondent.

Mr. Vralsted and Mr. Michael J. Hughes argued orally.

MR. JUSTICE ANDERSON:

The decedent, William P. Bargler, died on November 18, 1951, at Elliston, Montana. The record discloses that he left no known relatives either in the State of Montana or elsewhere. Prior to 1949, and while living at Elliston, Montana, the decedent subsisted on old age assistance benefits and lived in a cabin in that town. In 1949 the decedent's brother, Charles Bargler, died in Leadville, Colorado. After the death of Charles Bargler, William Bargler went to Leadville, Colorado, and there he remained for approximately 14 months. As a result of the death of Charles Bargler, William Bargler came into a rather substantial estate, it having been left to him by Charles.

On January 19, 1950, William Bargler made and executed his last will and testament in Leadville, Colorado. In this will many bequests were made, some to charitable institutions in Colorado and some to charitable institutions in Montana and some to residents of Colorado and some to residents of Montana, and the residuary estate was to be divided between a resident of North Dakota and a resident of Montana.

The last will and testament of William Bargler, on its face, indicated that he was a resident of Leadville, County of Lake, State of Colorado.

In 1950 William Bargler left Leadville, Colorado, and returned to Elliston, Montana, where he resided until his death. The property belonging to the decedent at the time of his death was both in Montana and in Colorado.

Patrick L. Cummings, believing that William Bargler was a resident of Colorado at the time of death, filed in the county court of Lake County, Colorado, the decedent's last will and testament and petitioned the court for letters testamentary. Thereafter Patrick L. Cummings qualified, and letters testamentary were granted to him on the 29th day of January 1952.

On March 30, 1952, Patrick Cummings filed a petition for probate of the last will and testament of William Bargler in the district court of the third judicial district of the State of Montana, in and for the County of Powell. A copy of the will and the probate thereof in the Colorado court, duly authenticated, were filed with said petition.

Patrick L. Cummings, on the advice of his Montana lawyers, in his petition filed in Montana, alleged that the decedent was a resident of and domiciled in Powell County, Montana, at the time of his death, and that after due study of the facts he was wrong, in having thought in the first place, that the decedent was in fact a resident of Colorado. However, no effort, so far as this record shows, was made in the Colorado court to vacate the letters testamentary there granted to the petitioner and the proceedings in Montana are in all respects ancillary proceedings, without notice, based on authenticated copies of the Colorado court proceedings.

The State of Montana filed its written objection to the application for ancillary probate of decedent's will as a foreign will and to the appointment of Patrick L. Cummings as executor thereof.

Counsel for petitioner contend that the attorney general is not a party aggrieved by the proceeding and thus has not sufficient interest to complain. Although merit may be given to this argument in certain cases, here however the court below was completely without jurisdiction to proceed by way

of ancillary administration in Montana. Without jurisdiction, the orders by the court which would satisfy the state's interest and claims would be void and of no moment. Thus the State of Montana was indeed a very interested party. See In re Smith's Estate (Vance v. Groff), 126 Mont. 558, 255 Pac. (2d) 687, 691.

Quoting from 3 Beale, Conflict of Laws, section 470.1, page 1467: "Although the courts of another state have found the domicil of the deceased to be there, this does not conclude another court from investigating the question anew, since the fact of domicil is a jurisdictional fact * * *"

In the instant cause there was no reason to inquire into the domicil of the deceased, in that petitioner admits that the decedent was a resident of Montana at the time of his death.

The order admitting the foreign will to probate without notice as provided by law in primary probate proceedings and appointing Patrick L. Cummings as executor thereof in Montana was dated October 6, 1952. On that date, certain opinions found in the California courts, based upon an identical statute as that in Montana, sustained the position of the learned judge below.

However this court on April 7, 1953, rendered its decision in the case of In re Smith's Estate, supra. The very question and the statutes here involved were squarely decided in that case. The court said unequivocally that: "Under the provisions of subdivision 1 of section 91-701, supra [R.C.M. 1947], it is the declared public policy of this jurisdiction that the first, the primary or the original probate of a will should be made in the county in which the decedent was a resident and domiciled at the time of his death."

The petitioner pleaded in his petition that William Bargler was a resident of Montana upon his application for letters in this state. That being a jurisdictional fact the court below was without authority to issue what amounted to ancillary letters to petitioner and if petitioner was entitled to letters testamentary at all he would have been entitled to primary letters testamentary under the record here.

The judgment of the district court is reversed with directions to proceed in the estate in such manner as may not be inconsistent with the rulings herein announced.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, DAVIS and BOTTOMLY, concur.