Maximilian Moss, S.
The testator herein died in Casablanca, French Protectorate of Morocco. The petition for probate of his will recited that he last resided in this county, ‘ ‘ was a citizen of the United States and intended to return to Kings County which he regarded as his permanent residence. ’ ’ Testator died possessed of personal property within the County of Kings. The allegations contained in the petition were sufficient to confer jurisdiction to entertain the probate proceeding (Surrogate’s Ct. Act, § 45, subds. 2, 3). Two of the testator’s distributees by answer asserted that he died a resident of Casablanca, French Protectorate of Morocco.
The decree granting probate of the testator’s will reserved the question of the determination of his domicile until the executor’s accounting. The executor has filed an intermediate account and prays that the testator’s domicile be determined; and that his personal claim against testator be allowed. A hearing was held in respect of the relief sought; and the court is satisfied on the proofs presented that testator died a domiciliary of Casablanca, French Protectorate of Morocco. The validity and effect of the testator’s disposition of personalty are governed by the law of that country (Matter of Gifford, 279 N. Y. 470; New Yorh Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; 2 Beale on Conflict of Laws, § 306.1, pp. 1034-1035).
The testator was survived by five children, one of whom was legitimated by a judgment entered on March 10, 1952 in the Consular Court at Casablanca, French Morocco; and the issue of a son, who predeceased the testator. The French Code Articles (§§ 758, 913) which govern the distribution to be made herein, makes it mandatory that three fourths of this estate be distributed among his sons living at his death and the descendants of his predeceased son. Bach son is *880 counted as one heir, the heirs of the predeceased son, as one heir, while the legitimated son is entitled to one-half share of a legitimate child. Distribution in this instance shall be made in the following portions, to wit: to each son 2/llths of %ths of the estate, a similiar share is to be equally divided among the issue of the predeceased son and 1/llth of %ths of the said estate to the legitimated son. Since the trusts created by the will are not recognized by the governing domiciliary law, the remaining one fourth shall be distributed as outright gifts in equal shares to the named infant beneficiaries. In making the distributions indicated appropriate credits are to be taken for any payments made on account to any of the parties in interest.
The application for allowance of personal claim is denied without prejudice to the submission of a supplemental account correctly reflecting the adjusted claim under schedule “ C ” thereof. Settle decree on notice.