S. Samuel Di Falco, S.
The testator, a barrister at law, residing at the Inner Temple, London, England, executed a will in the year 1929 for the express purpose of disposing of his ■property in the United States. Following his death in 1931 the will was admitted to probate in this court. The instant proceeding is brought for the judicial settlement of the account of the substituted trustee of the residuary trust and a construction is requested of the residuary provisions of the will which read as follows:
‘ ‘ Eighth: I give, devise and bequeath all the rest, residue and remainder of my property, real, personal and mixed, to my Executor and Trustee, hereinafter named, in trust, nevertheless, for the following uses and purposes, viz.: To hold the same in trust during the lives of my brother, frangís moran brambeer and my sisters, ada moran brambeer and baroness j. von berenberg-gossler ; to collect the rent, issues, income and profits therefrom, and to pay over the net income to my said brother and my said two sisters in three (3) equal shares, during their lives, and, upon the death of the first one of them, to pay over the net income to the two survivors, in equal shares, and, upon the death of the second of them, to pay over the entire net income to the survivor, and upon the death *924 of my brother, Francis Moran Brambeer, and of both my sisters, Ada Moran Brambeer and Baroness J. von Berenberg-Gossler, I direct that the property so held in trust shall be con-tinned in trust for the gross term of twenty-one (21) years, as permitted by the English Law, and, at the expiration of said period of twenty-one (21) years, I give, devise and bequeath the property so held in trust to the children of my brother, Francis Moran Brambeer, or, if any of them be dead, to their issue, in equal shares, per stirpes.
“If at the time of the termination of the trust, there shall be no lawful descendants of my brother, Francis Moran Brambeer, living to take the property, then I give, devise and bequeath the property so held in trust to the descendants of my grandfather, Francis Moran, living at that time, per stirpes.
‘ ‘ Under the terms of this trust the income shall be inalienable in any event whatsoever, and shall be paid to the life tenant free from the claims of any creditors, assignees, or husbands, or wives, of the persons entitled thereto pursuant to the terms hereof. ’ ’
The testator’s brother and sisters named in the quoted article are now dead, Baroness J. von Berenberg-Gossler having died in November, 1954 and her siblings having predeceased her. It has been determined that this trust was valid under English law for the lives of the three named income beneficiaries but a determination as to the disposition of trust funds upon the deaths of all of such named beneficiaries was postponed to a subsequent proceeding (Matter of Brambeer, N. Y. L. J., Jan. 19,1940, p. 299, col. 3 [Foley, S.]).
Inasmuch as the testator was a domiciliary of England and his will was explicitly drawn in purported compliance with the law of that country, it is the law of England that determines the validity and effect of the testamentary disposition of his personal property (Matter of Gifford, 279 N. Y. 470; Decedent Estate Law, § 47; Matter of Goodwin, 124 N. Y. S. 2d 883, 889). The law of the testator’s domicile permits a trust for lives in being followed by a term in gross of 21 years (Cadell v. Palmer, 1 Cl. & Fin. 372). The locution “term in gross ” or, as employed by this testator “gross term”, has an established meaning in English law and it was Cadell v. Palmer (supra) that permitted a gross term of 21 years to be taken in fixing the limits of remoteness of the vesting of trust property. In that case the primary issue was stated as follows (p. 411): “ Whether a limitation, by way of executory devise, is void, as too remote, or otherwise, if it is not to take effect until after the determination of one or more life or lives in being, and upon the expiration *925 of a term of 21 years afterwards, as a term in gross, and without reference to the infancy of any person who is to take under such limitation, or of any other person”. Further references to the expression gross term are found in Gray, Rule against Perpetuities (4th ed., §§ 176, 186) and it is quite apparent from the examination of these authorities that when this testator, an English barrister, referred to “ the gross term of twenty-one (21) years, as permitted by the English Law”, he was fixing the duration of the trust in compliance with the applicable rule against perpetuities and with the intention of having the trust continued for the lives of the three named income beneficiaries and an additional term of 21 years.
The will provides a disposition of trust income so long as the testator’s brother or one of his sisters survived but there is no express disposition of income during the additional 21-year period of continuance. "While there is no express direction that income be accumulated during this 21-year term, it is quite obvious from the lack of any alternative that accumulation was contemplated by the testator, and an implied direction for accumulation may be discerned in the direction that at the expiration of the period the property so held in trust be paid to the issue of the testator’s brother. This direction for accumulation, whether implied by law or directed by the will, gives rise to the question whether such an accumulation is permissible (Tench v. Cheese, 6 De G. M. & G. 453). Section 164 of the Law of Property Act of 1925 (15 Geo. 5, ch. 20) —a re-enactment of the Accumulations Act of 1800 (39 & 40 Geo. 3, ch. 98), commonly known as the Thellusson Act — invalidates an accumulation of income for a period longer than a term of 21 years from the death of the testator and the operative effect of the statute is that a direction for accumulation in excess of the allowable period is void as to such excess. It is said that the great weight of authority applies this statutory restriction to implied as well as express directions for accumulation (Gray, Rule against Perpetuities, §§ 689-690; 25 Halsbury’s Laws of England [2d ed.], § 296, n. M). Here the permissible period of 21 years expired in 1952, before the death of the last survivor of the named income beneficiaries, with the result that an accumulation of income following the deaths of the named beneficiaries may not be permitted. Were accumulated income to be paid over to vested remaindermen, acceleration of such remainder could be considered, but here we are concerned with a contingent remainder and acceleration is not possible (Eyre v. Marsden, 2 Keen 564). The result is that the invalid accumulation passes as intestate property of the testator and, during the period for *926 which the trust must continue, the income will be paid to the persons who would have taken the testator’s property in intestacy (Green v. Gascoyne, 4 De G. J. & S. 565).
The persons whose interests have been vested by the Government pursuant to the Trading with the Enemy Act and Executive Orders issued thereunder (U. S. Code, tit. 50, Appendix, § 1 et seq.) are not necessary parties to this proceeding but the suggestion that they should not be given the opportunity to be heard is not accepted (Matter of Schaefer, 121 N. Y. S. 2d 233).
Submit decree on notice construing the will and settling the account.