In the Matter of the Estate of ANTONIO CHOPITEA, Deceased.

Surrogate's Court, New York County, April 6, 1962.

*Breed, Abbott & Morgan* (*Thomas W. Kelly* and *Robert A. Hendrickson, Jr.*, of counsel), for Gordon Sarre, as temporary administrator and executor, petitioner. *Sullivan & Cromwell* (*Hamilton F. Potter, Jr.*, and *Samuel W. Ingram, Jr.*, of counsel), for Carmen R. Leguia, respondent. *Milbank, Tweed, Hope & Hadley* (*Alexander D. Forger* of counsel), for Ines C. L. de Dasso, respondent. *Grace Kelly Santo*, as special guardian for Antonio R. Chopitea, an infant, respondent. *N. Holmes*

*Clare,* as special guardian for Rose M. C. Leguia, an infant, respondent.

JOSEPH A. Cox, S. This motion is to dismiss, upon jurisdictional grounds, a proceeding for the probate in this court of an instrument propounded as the last will of the decedent. The decedent died on June 22, 1961 in New York City leaving a testamentary instrument, dated April 26, 1961, drawn and executed in this city and naming a New York County resident as executor and a New York County resident as sole beneficiary. The instrument is limited in its application to property in the United States and not only is the nominated executor a resident of this county but the alternate executor is a New York banking corporation. The decedent left a very substantial body of property in this county in the forms of a bank deposit, securities and cash with a brokerage firm and tangible personalty. The decedent's creditors in this State are said to have claims in the neighborhood of a half million dollars. Facts which are of controlling importance on this motion are that the decedent explicitly directed in the propounded instrument that it be offered for probate in this court and that the validity and construction of the instrument be governed by the laws of the State of New York.

The motion to dismiss is made upon the basis that the decedent was a resident of Peru and, under the laws of that country, certain relatives of the decedent may assert rights of inheritance which are not provided by the laws of New York. There can be no question as to the absolute right of this court to exercise jurisdiction in this proceeding (*Matter of Gifford,* 279 N. Y. 470; Surrogate's Ct. Act, § 45; *Matter of Lamborn,* 168 Misc. 504, affd. 255 App. Div. 755, affd. 280 N. Y. 504; *Matter of Wolff,* 207 Misc. 888; *Matter of James,* 167 Misc. 142, affd. 254 App. Div. 723; *Matter of Wood,* 155 N. Y. S. 2d 959) and, in recognition of this, the motion is directed to the discretion of the court. It seems that in view of the explicit desires of the decedent, coupled with the existence of New York assets and New York creditors, the naming of a New York executor and a New York beneficiary, very little is left to the exercise of discretion and a refusal to retain jurisdiction would constitute a clear abuse of discretion. Many of the statements of Judge LEHMAN in *Matter of Gifford* (*supra*) are applicable to the facts herein and less impelling facts motivated the determinations in the other cited cases.

This is not an appropriate time to express an opinion as to the operative effect of the decedent's direction that New York law govern the disposition of his American assets but, if for any reason the law of Peru should be controlling, this would not be the first instance in which foreign law has been applied in the

administration of estates in this court. Admittedly, the movant desires to avoid the ruling in *Matter of Cook* (204 Misc. 704, affd. 283 App. Div. 1047) and, for this reason alone, a dismissal of the proceeding could be construed as a repudiation by this court of a decision which is controlling upon it. Upon all the facts there appears to be no equitable reason for thwarting the expressed wishes of the decedent and any such action would unduly complicate the administration of the estate, occasion unwarranted expense to interested parties and even work injustice. The motion is denied.